This is a child custody modification proceeding.
The parties to the proceeding were married on August 13, 1970. Two children, both daughters, were born of the marriage. On October 9, 1979 the parties were granted a divorce by reason of incompatibility by the Morgan County Circuit Court. Pursuant to an agreement of the parties, the court awarded custody of the parties' minor children to the father, granting the mother reasonable visitation rights and privileges.
On March 25, 1981 the mother filed a petition to modify the custody provisions of the prior decree. At the hearing on that petition the following facts were elicited. Prior to the 1979 divorce, the father apparently discovered that the mother had had an extramarital affair. The divorce was promptly obtained. The court adopted an agreement of the parties whereby the mother voluntarily gave the father custody of the parties' two minor children. The mother testified that at the time the agreement was made, she was distressed and unable to make an intelligent decision as to custody of the children. She also testified that she had no counsel at the time, and that she was coerced into the agreement. The father denied these allegations. *Page 1087 
Although it was apparently unknown at the time of the divorce proceeding, the father had, during the marriage, had an extramarital affair with a woman whom he later married. An illegitimate child was born of that affair. The mother testified that she did not know of the father's activities at the time the agreement was made.
From the time of the divorce up until the institution of these proceedings in March 1981, the mother made no attempt to either visit or correspond with her children. She testified that she had visited with them only once, for a period of five days, in April 1981. She also stated that she was not kept informed as to the father's whereabouts.
Since the divorce, the mother has remarried and has moved back to the proximity of her parents in the state of Washington. She has one child by the second marriage, and is active in the Mormon church. In her petition for modification, she alleges that this change in circumstances, and the natural relationship between mother and daughter, justify an award of custody to her.
The father has also been married again, to the woman who bore his illegitimate child. With children from former marriages and the illegitimate child, the father now has five children living in his household. The father testified that in 1976 he was discharged from the army, during the time the parties were still married. Since that time he has been employed at eleven different jobs in various locations in the states of Alabama and Florida. Six of these jobs, including his present membership in the United States Army, were held subsequent to the parties' divorce in 1979. The length of employment in these diverse locations varied from one week to a year and a half.
After the hearing the Circuit Court of Morgan County granted the mother's petition, awarding her custody of the parties' two minor children. The court found that (1) the mother and the court were not, at the time of the rendition of the original decree, fully aware of all of the facts in the case; (2) the mother was under some undue influence at the time; (3) a different result as to custody of the children may have been reached if the entire set of facts had been known; and (4) a material change in the circumstances of both parties had taken place, justifying an award of custody to the mother. The court stated:
 The interest of this Court is in the welfare and the well-being of the two minor children. The issue is, as between these parties, which parent can best provide for the long term security, stability and welfare and well-being of these minor children, and can most likely offer these children the best chances of reaching majority best equipped to lead a useful and productive life. In considering this, the Court considers the natural relationship of mother and daughter and the intimate benefits that a daughter of tender age can derive from that relationship; the stability of the relative homes and lifestyles of the parents; the adequateness of the physical facilities for the children by each parent; the ability of each parent to provide for and support the children; and the general and overall well-being and welfare of the minor children.
The father appeals from that order, alleging (1) that the trial court wrongfully considered the "tender years" presumption, a doctrine recently held unconstitutional by the Alabama Supreme Court, in making its decision; (2) that there was no evidence of a material change in circumstances sufficient to justify modification of the prior custody provisions; and (3) that the court erred in considering facts existing but unknown at the time the original divorce decree was rendered.
The party seeking to modify the custody provisions of a prior decree has the burden of proving a material change of circumstances among the parties since the rendition of the decree, or of proving material facts which, although in existence at the time of the original decree, were then undisclosed and have since been revealed. Smith v. Smith,334 So.2d 915 (Ala.Civ.App. 1976). The paramount consideration in every child custody case is the best interest of *Page 1088 
the children. Hodges v. Nelson, 370 So.2d 1020 (Ala.Civ.App. 1979). In child custody modification proceedings, we will review the judgment of the trial court with a presumption of correctness. The award of custody is a matter within the sound discretion of the trial judge, and that decision will be reversed on appeal only for plain and palpable error. Quinn v.Quinn, 351 So.2d 925 (Ala.Civ.App. 1977).
Appellant first contends that the trial court wrongfully based its decision to modify the award of custody on the "tender years" presumption, a doctrine declared unconstitutional by the Alabama Supreme Court in the case of Exparte Devine, 398 So.2d 686 (Ala. 1981). Appellant bases his contention on the court's language in the final decree stating, "the Court considers the natural relationship of mother and daughter and the intimate benefits that a daughter of tender age can derive from that relationship."
While we recognize the validity of appellant's contention regarding the unconstitutionality of the "tender years" presumption, we do not find that the court's statement concerning the mother-daughter relationship in fact constitutes an improper reliance on that doctrine. The trial court, in child custody matters, is free to consider, among other factors, the sex and age of the children involved, along with the capacity and interest of each parent to provide for the emotional, social, moral, material and educational needs of the children. Ex parte Devine, supra. We do not find that the court's consideration of the relationship is a singularly significant factor underlying the court's decision, as was the case in Devine. The court in its order indicated that it also considered a variety of other factors in awarding custody of the children. In view of the numerous factors considered by the court, we find no merit in appellant's first contention.
Appellant next contends that there is no evidence of a material change in circumstances sufficient to justify modification of the child custody provisions. Specifically, appellant contends that the court erred in considering (1) the changes in residence made by appellant since the divorce, alleging that, absent a showing of an adverse effect on the children, a change of residence is insufficient by itself to justify modification; and (2) the fact of appellee's remarriage and change in lifestyle. We agree with appellant that neither a change in residence, absent a showing of an adverse effect on the children, nor the remarriage of one of the parties, alone justifies a modification of an existing child custody award.Porter v. Templeton, 368 So.2d 35 (Ala.Civ.App. 1979); Gould v.Gould, 55 Ala. App. 379, 316 So.2d 210, cert. denied, 294 Ala. 757, 316 So.2d 214 (1975). However, both changes in residence and a party's subsequent remarriage are factors to be considered, among others, by the trial court in making its determination of whether a material change in circumstances has been proven. See Hodges v. Nelson, supra; Rowe v. Rowe,45 Ala. App. 367, 231 So.2d 144 (1970). The trial court, as it indicated in its order, considered a number of factors in ascertaining whether the best interests of the children would be served by a modification of the previous custody decree. No one factor by itself appears to have unduly influenced the court's decision. We find no merit in appellant's second contention.
Appellant lastly contends that the trial court erred in considering facts existing at the time of the original decree but which were unknown at that time, since those facts would not have required a different result in the original child custody proceedings. We cannot agree with appellant's contention. In a custody modification proceeding, the trial court may consider facts which, although known at the time of the original proceeding, were undisclosed and have later been revealed. Smith v. Smith, supra. At the time of the original custody proceeding, the misconduct of either spouse is a factor to be considered by the court in determining the best interests of the children involved. Warren v. Warren, 386 So.2d 1166
(Ala.Civ.App. 1980). Full knowledge of the respective indiscretions of both parties may have affected the *Page 1089 
decision of the trial court in the original divorce and custody proceeding, and was certainly properly considered by the trial court in the present proceeding. We find no error here.
For the foregoing reasons, the judgment below is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.