EDWARD N. SCRUGGS, Retired Circuit Judge.
This case concerns the modification of a child custody judgment from the father to the mother.
The parties were divorced in September 1977 with Mr. Adams, the father, being granted custody of their son, Jason. Before the divorce the mother had fled to Texas with the boy to escape threats from the father. In March 1978 the father went to Texas and “snatched” the child from his tricycle and has retained Jason’s custody since then in Alabama. The mother promptly returned to reside in this state and sought custody of the child, but her modification petition was denied in July 1978. Her present complaint was filed in 1981 and the contested hearing was orally tried before the circuit court in December 1981. The judgment of the trial court ascertained that it was in the best interest of Jason that his mother be awarded his custody and it was decreed accordingly. The father appeals and argues that it was not in the child’s best interest that a change in custody be effected and that the mother failed to show such a material change in the circumstances as to authorize an alteration of the son’s custody.
In capsule form, tendencies of some of the evidence were as follows: the boy is now seven years of age. When he visited with his mother, he evidently did not desire to return to his father’s home but indicated that he wanted to remain with his mother. Jason is “real tiny,” weighing only thirty-six pounds. The boy has a poor appetite and really consumes only one meal a day. The mother has taken him to physicians who found nothing physically wrong with the boy. He was in the second grade and was an above average student. A transfer to a different school would be required upon a change of custody. His teacher stated that his schoolwork could be affected by a change of homes.
The father has remarried and now has a well-paying job on oil rigs situated off the coast of Louisiana. He works for seven days and is off for the next seven days. During his off days he assists his father in the trucking business. His present wife, who has a good reputation, is also employed. Mr. Adams drinks alcoholic beverages in the evenings when he is not working and indicated that Jason may drink beer if he desires when he is old enough. There was evidence that he is a good parent to Jason.
*429 In 1977 and 1979 the father paid two fines for reckless driving, each of the charges having been reduced from the offense of driving while intoxicated. In 1981 he pleaded guilty to and was fined in Florida for the misdemeanors of disorderly intoxication and resisting arrest without violence. Felony offenses which arose out of the same circumstances according to the father were instituted against him in 1981, one case in Florida for cultivating and possessing marijuana and the other case in Alabama for possession of marijuana. In August 1981 he pleaded guilty to the Alabama felony charge. His Alabama home and the curtilage thereof, where he, his present wife and Jason resided, had been searched by law enforcement officials who found and seized 2.4 pounds of green marijuana which was being dried in a utility house immediately to the rear of his house trailer. He was sentenced in that case to five years in the penitentiary and, additionally, was fined $4,900. The sentence was suspended and he was placed upon unsupervised probation for five years. Shortly thereafter, the Florida drug charge against him was dismissed. He admitted that he did not truthfully answer interrogatories propounded to him by the mother’s attorney as to his previous arrests or convictions.
The mother has also remarried, her present husband, Mr. Fleming, likewise being an oil rig worker. She does no outside work, but remains at home and mothers her nineteen month old baby. Her full time can be devoted to her two children, Jason and the baby. She is able to prepare three balanced meals each day for Jason. There was evidence that she is an excellent mother and housewife. Her present husband drinks an occasional beer at home. On one occasion Mr. Fleming was charged with a misdemeanor offense by a member of the father’s family; however, he was acquitted of the offense after a trial.
The parties correctly concur that the proper legal rules governing this case were aptly stated in Taylor v. Taylor, 359 So.2d 395 (Ala.Civ.App.1978) as follows:
In a proceeding to modify a prior decree awarding custody of a child, the trial court must apply a two-pronged test: (1) whether it is in the best interests and welfare of the child to change custody; and (2) whether the party seeking modification has alleged and shown a change in conditions which will justify modification. Quintanilla v. George, Ala.Civ.App., 340 So.2d 804, cert. den. 340 So.2d 808 ([Ala.] 1976). Of course, there is a strong presumption in favor of the ultimate decision reached by the trial court after the application of this two-pronged test. Junkin v. Junkin, Ala.Civ.App., 332 So.2d 392 (1976). Accordingly, in instances where the trial court modifies a child custody decree after it has heard oral testimony, its judgment will not be reversed on appeal unless the judgment is plainly and palpably wrong. Wood v. Wood, Ala.Civ.App., 333 So.2d 826 (1976). [Footnote omitted.]
Here some of the evidence conflicted, thereby placing the trial court in a unique position to determine from the testimony whether such a change of conditions had occurred that it was to Jason’s best interest that his mother be granted his custody. There was evidence which supported the holding of the trial court. Under the circumstances, the circuit court was not palpably wrong in modifying Jason’s custody from the father to the mother, and we affirm its judgment.
We grant the appellee’s application for an attorney’s fee on appeal, and the appellant shall pay to her $500 as such fee. All other relief requested by the appellee is denied.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.