415 So.2d 1089 (1982)
Ex parte Ronald Eugene ROBERTSON.
(In re Ronald Eugene ROBERTSON
v.
Robin Lee ROBERTSON (Watkins)).
81-583.
Supreme Court of Alabama.
June 11, 1982.
Stephen V. Hammond of Chenault, Chenault & Hammond, Decatur, for petitioner.
Miles T. Powell, Decatur, for respondent.
ALMON, Justice.
WRIT DENIED. 415 So.2d 1085.
TORBERT, C. J., and FAULKNER, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, JONES and SHORES, JJ., concur specially.
MADDOX, Justice (concurring specially).
I agree that the writ is due to be denied. Even though the trial judge did consider "the natural relationship of mother and daughter and the intimate benefits that a daughter of tender years can derive from the relationship," I am not convinced that this Court should review the Court of Civil Appeals, especially since that court, after a review of the record, determined that the judgment of the trial court was based upon a totality of circumstances, including the sex and age of the child.
The Court of Civil Appeals found:
"While we recognize the validity of appellant's contention regarding the unconstitutionality of the `tender years' presumption, we do not find that the court's statement concerning the mother-daughter relationship in fact constitutes an improper reliance on that doctrine."
In view of the fact that the Court of Civil Appeals determined, after a review of the record, that the trial court did not rely upon the tender years presumption in its award of custody, I agree that the writ can be denied.