This is a child custody case.
The mother appeals from an order of the Circuit Court of Mobile County granting the father custody of the minor child. We reverse and remand.
The parties to this appeal were divorced by the Circuit Court of Mobile County in April, 1981, on grounds of incompatibility of temperament. There was one minor child born of the marriage. The parties' agreement concerning custody and visitation was incorporated into the decree whereby the trial court awarded custody to the mother and granted the father visitation.
Subsequently, the father filed a motion in May, 1981, seeking to have the judgment vacated or a new trial. Alternatively, the father sought to have the mother found in contempt for disregarding the terms of the divorce decree and to have the decree modified with respect to custody of the minor child.
The trial court denied the motion to vacate judgment and for new trial. An ore tenus hearing was held on the motion to modify in June, 1982, at which custody of the child was awarded to the father. The mother appeals from that action.
Upon review there is a presumption of correctness which accompanies the judgment of the trial court in every case where the evidence was heard ore tenus. Alford v. Alford,368 So.2d 295 (Ala.Civ.App. 1979). However, there is also a rule of repose applicable to a motion to modify a divorce decree with respect to child custody. Alford v. Alford, supra. A decree fixing custody of a minor child is conclusive of the interests of the child and the rights of the parents as long as the status of the parties at the time of the decree remains without material change. There must be evidence of a material change in circumstances occurring since the last judgment so affecting the best interests and welfare of the child as to reveal an obvious and overwhelming necessity for change. Alford v.Alford, supra; Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App. 1977). Moreover, the party seeking modification has the burden of proof. Pons v. Phillips, 406 So.2d 932 (Ala.Civ.App.), cert.denied, 406 So.2d 935 (Ala. 1981).
The rules of law controlling modification of child custody are not limited to the material change in circumstances standard. A change in custody can also be justified by proof of material facts which, though existing at the time of the original decree, were then undisclosed and have since been revealed. Smith v. Smith, 334 So.2d 915 (Ala.Civ.App. 1976). Regardless of all the principles of law concerning custody, the most important, the paramount consideration in all child custody cases, is the welfare and best interests of the child.Pons v. Phillips, supra.
In the instant appeal we find that the father has not met the burden of proof necessary to show that the welfare and best interests of the child have been adversely affected so as to require a change in custody.
There are two areas of contention that could be the possible basis for a change in custody: the parents' conflict over visitation and certain material facts undisclosed at the time of the original decree. In view of the above stated principles regarding child custody, neither of these areas warrants a change.
First, we will consider the material facts undisclosed at the time of the original decree. *Page 855 
There was evidence presented at the modification hearing which reveals that the mother had committed adultery prior to the divorce. It is the father's position that this evidence is sufficient to support the trial court's actions. We do not agree.
It is true that such evidence, as indicated above, may be received by the trial court as it has a direct bearing on the fitness of the custodial parent. Porter v. Porter, 46 Ala. App. 22, 237 So.2d 507 (1970).
Be that as it may, the moral unfitness of a mother sufficient to deprive her of custody must be such as to have a direct bearing upon the welfare and best interests of her child. A parent will not be denied custody for every act of indiscretion or immorality. Gandy v. Gandy, 370 So.2d 1016 (Ala.Civ.App. 1979); Roberson v. Roberson, 370 So.2d 1008 (Ala.Civ.App. 1979); Gould v. Gould, 55 Ala. App. 379, 316 So.2d 210
(1975).
Nowhere in the record is it shown that the mother's adultery before the divorce had any effect whatsoever on the child. In fact, very little of the record concerns the mother's misconduct in that respect. The record does reveal that the mother married the man involved sometime after her divorce. The evidence tends to show that the mother did not live with the man before they were married and he did not stay in her house or spend the night there. There is no indication that the child and his step-father do not get along with one another. In short, there was no showing that the child was affected in any way by the mother's conduct.
The father also alleged that the mother did not clothe the child as he liked and that she did not properly feed or provide medical care for the child. This was all denied by the mother and, at any rate, there was no evidence presented that would tend to establish conditions existed which would require a change in custody.
The majority of the evidence presented concerned the parties' conflict over visitation.
Soon after the parties' divorce, the mother moved with the child from Mobile to North Alabama. As far as visitation is concerned, this move did nothing to improve relations between the parties.
Needless to say, there was difficulty between the parties over visitation. Both parties were forced to resort to court orders at different times to compel the other party to abide by the divorce decree. Without detail, suffice it to say that much animosity was involved in the parties' dealings over visitation. On at least two occasions the mother did not comply with court orders concerning the father's visitation.
This court has previously held that disputes over visitation are not alone sufficient to necessitate change in custody. Ponsv. Phillips, supra; Thorne v. Thorne, supra.
As we indicated in the above styled cases, the problems involving visitation in this case appear to be precipitated by the attitude of the parents; the parents appear to be giving vent to their feelings toward each other in this manner. Visitation disputes should not be settled by changing custody of the child from one parent to the other absent compelling reasons. Pons v. Phillips, supra.
Children should not be the pawns in the parents' personal battle. Disputes over visitation can be and should be solved by the parents.
It is our sincere hope that these two parties will put aside their animosity toward each other so that their child can grow up knowing and sharing in the love and companionship of both parents.
As indicated above, we find that the father has not met the burden of showing an obvious need for a change in custody. There was no showing made that the mother's misconduct had any adverse effect on the child. There was no showing that the best interests and welfare of the child would be best served by a change in custody. *Page 856 
In view of all the attendant presumptions and rules of law, we find that the learned and able trial judge erred in changing custody and this case is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.