This is a child custody case.
Helen P. McRight and Edward McRight, Jr. were divorced on August 6, 1981. Mrs. McRight was granted custody of the couple's minor daughter, Leigh Ann McRight, and Mr. McRight was given reasonable visitation privileges. Subsequently, Mrs. McRight, who lived in Tuscaloosa, Alabama, at the time of the divorce, moved to Casselberry, Florida, taking the child with her. As a result, Mr. McRight petitioned for modification of the visitation privileges awarded him, alleging that Mrs. McRight's relocation justified the modification. Thereafter, Mrs. McRight and Leigh Ann traveled to Okinawa, Japan, to be with Mrs. McRight's mother, who had suffered a stroke. Mr. McRight, consequently, amended his petition seeking custody and an order pendente lite to prevent the child's removal from the United States. The pendente lite was never acted upon, but after an ore tenus hearing, the trial court did grant Mr. McRight custody. Mrs. McRight appeals here, asserting that there was insufficient evidence to support the order transferring custody.
We recognize in all cases the presumption of correctness of the finding of the trial court, when evidence in a custody matter is presented ore tenus. We are also aware that this presumption is overcome by the absence of material evidence supporting such finding. Sanders v. Sanders, 425 So.2d 476 (Ala.Civ.App. 1983). It is the law that in cases where a change in custody is sought, the paramount consideration of the courts is the best interest and welfare of the minor child. Sanders, supra at 479. We recently stated in Sain v. Sain, 426 So.2d 853 (Ala.Civ.App. 1983), that before a change in custody may be granted, there must be evidence of a material change in circumstances, occurring since the last judgment, so affecting the best interest and welfare of the child as to reveal an obvious and overwhelming necessity for change. The burden of proving such a change in circumstances is on the party seeking modification. Sain, supra
at 854. *Page 871 
Although a factor to be considered, a change in the custodial parent's residence does not, of necessity, justify a change in custody. Robertson v. Robertson, 415 So.2d 1085 (Ala.Civ.App.),cert. denied, 415 So.2d 1089 (Ala. 1982). This rule applies even where the custodial parent relocates outside the United States.Clark v. Clark, 46 Ala. App. 432, 243 So.2d 517 (1970). A decree fixing custody of a minor child is conclusive of the interest of the child and the rights of the parents, so long as the status of the parties at the time of the decree remains without material change. Sain, supra.
The record before us is devoid of any evidence indicating an adverse effect upon Leigh Ann because of her mother's relocation to Florida or subsequent sojourn in Okinawa. To the contrary, all indications are that she is well provided and cared for there. The argument that because of the far distance, the father will be unable to visit his child, while unfortunate, would apply equally to the mother if custody were removed from her. It makes no difference, but it may be noted that the mother, though one-half Japanese, was educated at the University of Alabama. There is not the slightest evidence that the mother and her parents, in whose home she and Leigh Ann now live, are anything other than highly educated, cultured and loving parent and grandparents.
We find the judgment of the trial court removing custody of Leigh Ann from her mother and granting her custody to her father unsupported by evidence of material change of circumstances affecting her best interest or welfare. Such judgment is therefore arbitrary and an abuse of judicial discretion. That judgment is therefore reversed and set aside. The case is remanded for entry of judgment in accord with this decision.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.