BRADLEY, Judge.
This is an appeal from a modification of a custody decree.
The parties to this proceeding were divorced on March 22, 1982. By agreement, the husband was awarded custody of the parties’ eldest child, a son, and the wife was awarded custody of the parties’ three minor daughters.
On or about June 16, 1983, husband filed a petition to modify the decree, requesting custody of his three daughters due to changed circumstances since the divorce, and a motion for instanter custody to prevent wife from taking the children to California. The court granted the motion for instanter custody and awarded temporary custody to the father.
Subsequently, a hearing was held on the instanter order. The parties agreed that custody of the three girls would be returned to wife until August 15, 1983, or until one week prior to the hearing on the petition to modify, provided wife post a bond to secure the return of the children. The court approved the agreement and returned temporary custody to wife.
An ore tenus hearing on the petition to modify was held on August 31, 1983. The trial court entered an order modifying the original custody decree and awarding custody of the three girls to their father.
Wife filed a motion for new trial and a motion for finding of facts. Both were denied by the court. She appeals.
Wife argues here that the trial court erred in denying her motion for new trial without a hearing on the motion, in denying her motion for finding of facts, and in granting husband’s petition to modify-
Rule 59(g), Alabama Rules of Civil Procedure, requires that a posttrial motion not be ruled on until the parties have had an *1345 opportunity to be heard thereon. Rule 6(d) provides that notice of the hearing must be served no later than five days before the time set for hearing. Wife contends that since there was no hearing on her motion for new trial the trial court erred in denying the motion. We disagree.
In the case at bar, no request for a hearing on the motion was made by either party. Wife had from September 29, 1983, when she filed her motion, to October 5, 1983, when it was ruled upon, to have requested a hearing. She did not. Therefore, the trial court did not commit reversible error when it denied the motion for new trial without holding a hearing. Clark v. Brister, 451 So.2d 350 (Ala.Civ.App.1984); Frederick v. Strickland, 386 So.2d 1150 (Ala.Civ.App.1980).
Wife next contends that the trial court erred in denying her motion for finding of facts.
In the instant ease the court entered its judgment on the petition to modify, but failed to set forth any findings of fact. It will be assumed that the trial court found the facts sufficient to support its judgment. Watts v. Talladega Federal Savings & Loan Association, 445 So.2d 316 (Ala.Civ. App.1984); Thomas v. Davis, 410 So.2d 889 (Ala.1982). No error here.
The final issue is whether the evidence discloses changed circumstances sufficient to warrant modification of the custody decree.
It is well established that a change in custody can be justified only if there exists a material change of circumstances since the original decree which affects the best interests of the children. McEntire v. McEntire, 345 So.2d 316 (Ala.Civ.App.1977). Husband, as the person seeking the modification, has the burden of showing circumstances which would justify disturbing the children’s custody. White v. White, 423 So.2d 867 (Ala.Civ.App.1982); Lightfoot v. Bylsma, 412 So.2d 813 (Ala. Civ.App.1982).
Where the trial court hears the evidence ore tenus, its judgment carries a presumption of correctness and will not be overturned except for plain or palpable error. Simpson v. Gibson, 420 So.2d 782 (Ala.Civ.App.1982).
The evidence in several aspects is in sharp dispute. However, the evidence supporting the decree shows that the parties were divorced in March 1982. Father resides in Talladega County, Alabama where the children were born and lived most of their lives. The children’s relatives live in that area also.
In the initial consent decree, the father was granted custody of the oldest child, a boy, and the mother was granted custody of the other three children, all girls. The mother, however, agreed that the father should have physical custody of all the children until the end of the school term. She said that she did not have a proper place to keep the children.
In June 1982 the mother remarried and in August 1982 she moved with the two younger children to California. The eldest daughter stayed with her father in Alabama until December 1982, apparently with the consent of the mother. At that time she went to live with her mother in California.
The mother and the three girls returned to Alabama at Christmas to visit. The three girls decided to remain with their father and not return to California. Again this appeared to be with the mother’s consent. The mother did not return to Alabama until June 12, 1983. During the January to June period that the children were with the father, the mother stayed in touch with the children and the father by phone and letters. The mother did express a desire to return to Alabama to visit the children but said she did not have the money. The father offered to pay her way back but she did not accept his offer. Later in this period the mother had an operation that hospitalized her for about a week, and that was another reason she gave for her inability to return to Alabama to see her children.
*1346 In June 1983 the mother said she was taking the children to California. At the request of the children, the father obtained their temporary custody. The children said that they wished to stay in Alabama with their father during the school term and live with their mother in California during the summer vacation.
The mother was permitted to take the children to California.
The evidence shows that the husband is a maintenance superintendent for Catalytic, Inc. in Wilsonville, Alabama, earning $37,-000 a year. Husband lives near Fayette-ville, Alabama within blocks of where his mother and sister live. During the time the children have been in the father’s custody, they have been well fed, clothed, and cared for not only by the father but by his relatives and the relatives of the mother. The father takes the children to church and participates in recreational activities with them.
The evidence shows that the mother has consumed alcoholic beverages in the past and that this was one of the causes of the breakup of the parties’ marriage. The mother also has a heart condition and suffers with periods of nervous depression. The evidence reveals that the mother has taken valium and is now taking tranquilizers. It also appears from the record that the mother had moved five times since the divorce. The mother did say that the children should stay together and that they should be with one parent nine months out of the year, i.e., the school term, and with the other parent for the rest of the year.
The trial court granted primary custody to the father for nine months out of the year, i.e. the school term, and granted the mother custody for the three months the children are not in school. We find no reversible error in this custodial arrangement.
It is accepted doctrine that remarriage of a parent or change of residence, absent a showing of adverse effect on the children, alone does not justify a modification of an existing trial custody award. Robertson v. Robertson, 415 So.2d 1085 (Ala.Civ.App.1982). However, both changes in residence and a party’s subsequent marriage are factors to be considered, along with others, by the trial court in making its determination of whether a material change in circumstances has been shown. Robertson v. Robertson, supra.
In addition to remarriage and change of residence five times in a period of about a year and one-half, the evidence shows that the mother has emotional problems which could affect her performance as a custodial parent. The evidence also reflects that the children wished to live with their father during the school term and their mother during the summer. Although a child’s wish to live with one or the other of his parents is not conclusive as to the award of custody, it is a factor for the trial court to consider in making its custodial award. Parks v. Parks, 275 Ala. 613, 157 So.2d 212 (Ala.1963).
The record is replete with instances where the children had been pulled back and forth between their parents, resulting in their lives being very unstable during the time since their parents’ divorce. The evidence warrants the trial court’s conclusion that the children’s welfare would best be served by injecting as much stability in their lives as it could by awarding primary custody to the father during the school term and secondary custody to the mother during summer vacation. We do not find such a custodial arrangement to be plainly or palpably erroneous based on the evidence in this case.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.