This is a divorce case.
The parties were divorced in October 1983. In a lengthy agreement that was incorporated into their divorce decree, custody of their minor daughter was given to the mother. The agreement also provided for the division of the parties' real and personal property and denominated the mutual rights and responsibilities of the parties. Included among the sections of the agreement concerning custody was a provision whereby the wife agreed to give the husband thirty days' notice of any intent on her part to permanently relocate outside the State of Alabama.
In June 1984, after a conversation with the wife during which she indicated that she wanted to move out of state, the husband filed a petition to modify the final decree. He sought either to have primary custody of the minor child or to have the trial court issue an injunction prohibiting the wife from carrying the child outside the trial court's jurisdiction. The husband later amended his petition to include charges that the wife was interfering with his visitation rights and refusing to honor the property distribution provisions of their divorce agreement. The husband asked the trial court to find the wife in contempt and to order the public sale of the parties' jointly-owned real estate and to divide the parties' personal property, according to the terms of their divorce agreement.
After an ore tenus hearing, the trial court entered a decree which contained, in part, the following findings:
 "The Court finds that no material change of circumstances has occurred in fact. However, the making of actual plans and having a present intent to move from the jurisdiction of this Court, such as is being contemplated by the [wife] does constitute a material change of circumstances justifying a modification of this court's decree. . . . It is the court's finding therefore, that for so long as the [wife] continues to reside in or near Huntsville, Alabama, then she shall continue to have custody of the minor child of the parties. . . .
 ". . . . It is the Court's opinion that the loss of relationship to the child should be borne by the party who arbitrarily elects to remove his or her residence from the general vicinity of Huntsville, *Page 644 
Alabama. The [wife], however, is free to move at any time she so desires. The Court will not, at any time, decree or order the respondent not to move to any place she so desires. However, if the [wife] actually removes her residence from the Huntsville, Alabama area, the custody of the minor child . . . shall automatically, immediately and simultaneously be vested in [husband]. . . ."
The trial court also ordered, in the event custody was changed by virtue of the wife's move, that the wife pay $63.00 per week child support to the husband. The trial court did not find the wife in contempt, but made provisions for the public sale of the parties' residence after a sixty-day period and specifically defined which spouse was to get what personal property under the terms of the divorce decree. From that judgment, the wife appeals.
The first two issues that the wife raises on appeal are whether intent to move from the jurisdiction of the trial court is a material change of circumstances justifying modification and whether the trial court abused its discretion by holding that custody would change upon the move of the wife.
There is a presumption of correctness accorded the findings of the trial court where evidence in a custody matter is presented ore tenus. McRight v. McRight, 444 So.2d 869
(Ala.Civ.App. 1984). This presumption can be overcome where there is an absence of material evidence supporting those findings. Sanders v. Sanders, 425 So.2d 476 (Ala.Civ.App. 1983).
For custody to be changed to the noncustodial parent, that parent must show that a change in custody would materially promote the welfare and best interest of the child. Ex parteMcLendon, 455 So.2d 863 (Ala. 1984). The burden of proving that change in circumstances is on the party that seeks modification. McRight, supra.
Although a change in the custodial parent's residence is a factor to be considered when determining the outcome of a modification petition, that change does not necessarily justify a change in custody. McRight, supra; Robertson v. Robertson,415 So.2d 1085 (Ala.Civ.App.), cert. denied, 415 So.2d 1089
(Ala. 1982). This rule is applicable even where relocation by the custodial parent is outside the United States. McRight,supra.
The record below contains no evidence that the wife's proposed relocation would have an adverse effect upon the child. Therefore, the trial court abused its discretion when it decreed that the wife's intent to move is a material change of circumstances that would justify automatically changing custody of the child to the father when and if the wife moves.
The third issue raised by the wife is whether the trial court had jurisdiction to divide the personal property of the parties more than eleven months after the original decree of divorce had been entered. It is clearly apparent from the record that what the trial court did here was to merely interpret and enforce the original decree. Where there is uncertainty and ambiguity in a divorce decree, the court must construe it so as to express the intent of the parties. Fox v. Dick,389 So.2d 940 (Ala.Civ.App. 1980). The court has the inherent authority to enforce its own decrees. West v. West, 57 Ala. App. 327,328 So.2d 583 (1975). The modification petitions filed by the husband only asked that the property division be enforced according to the original decree. That is what the trial court did here, and we find no error in regard to the property division.
That portion of the trial court's judgment is therefore affirmed. The portion of the trial court's judgment concerning custody is reversed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 645