This is a child custody modification case.
The parties to the present litigation were married on July 31, 1971 and were separated on October 21, 1985. On November 27, 1985 the wife filed for divorce. The parties entered into a settlement agreement on April 1, 1986, and on April 2 the trial court entered judgment on the agreement and incorporated the agreement into the final divorce decree.
The specific terms of the agreement provided that both parents would have joint and equal custody of the parties' minor son and that the wife would have physical custody from September 1 to May 31 of each year, while the husband would have physical custody from June 1 to August 31. Additionally, the custody agreement provided that the parent with whom the child was residing would grant the other parent liberal visitation.
On July 25, 1986 the husband filed a petition to modify the final custody decree. The husband, in his petition to modify the final decree, alleged that a change in circumstances had occurred since the entry of the final judgment in that the wife had left the state to take advantage of a job opportunity in Mississippi. The husband also alleged that the best interests of the child would be served by placing him in the *Page 1388 
husband's full custody. The wife also filed a petition to modify the child custody decree to give her primary custody of the child.
The trial court held a hearing on the petitions to modify the final decree on September 15, 1986. At the conclusion of the hearing, the trial court entered judgment modifying the final divorce decree to grant physical custody to the husband from September 1 to May 31 and to grant physical custody to the wife from June 1 until August 31. In its judgment the trial court held that it was attempting to effectuate the intent of the parties expressed in their agreement which was incorporated into the divorce decree. The trial court also held that the wife had violated the spirit of that agreement by removing the parties' son from Alabama.
The wife subsequently made a motion for reconsideration of the trial court's order modifying the decree. The trial court denied the wife's motion to reconsider and the wife appealed.
The wife argues on appeal that the trial court applied an incorrect standard in determining whether the original custody decree should be modified and that the trial court's judgment is unsupported by the evidence. The husband, on the other hand, argues that no abuse of discretion is evident from the trial court's order, and, therefore, that its judgment should be affirmed.
At this juncture, we note that the standard of proof required for a prior custodial parent to regain custody after he or she has either lost custody due to a prior judicial decree or voluntarily relinquished custody is whether the benefits of the proposed change in custody outweigh the disruptive effects of such a change. See, Ex parte McLendon, 455 So.2d 863
(Ala. 1984). In the present case, however, neither parent lost custody or forfeited custody in the prior proceeding; rather, both parents had joint custody of their minor son. Thus,McLendon is inapplicable and the appropriate burden of proof is whether a change in circumstances has occurred such that it was in the child's best interests that the decree be modified to transfer primary physical custody to the husband and whether the party asking for modification has alleged and proved changed conditions sufficient to warrant a modification. See,Adams v. Adams, 416 So.2d 428 (Ala.Civ.App. 1982).
The evidence in the present case reveals that the wife moved away from her home in Albertville, Alabama and took the parties' minor son out of the state with her. The wife moved to Columbus, Mississippi because she received a job opportunity which afforded her the chance to make more money with which to support herself and her minor son.
The husband argued at trial that the wife's out-of-state move violated the spirit of the parties' agreement and constituted a material change in circumstances. The agreement was silent as to the effect of either party's change of residence.
As a general rule, while a change in a custodial parent's residence is a factor to be considered in determining whether a material change of circumstances has occurred, a change in the custodial parent's residence alone does not necessarily justify a change in custody. See, Patchett v. Patchett,469 So.2d 642 (Ala.Civ.App. 1985). We recognize that the determination of whether a change in circumstances has occurred is generally a factual question for the trial court and that the trial court's judgment based upon its factual determination is presumed to be correct. See, McRight v. McRight,444 So.2d 869 (Ala.Civ.App. 1984). This presumption of correctness, however, can be overcome in situations where there is an absence of material evidence to support the trial court's factual findings. McRight v. McRight, supra.
In the present case the trial court determined that there was a material change in circumstances, i.e. the wife had moved her residence from Albertville, Alabama to Columbus, Mississippi. However, rather than determining whether the best interests of the child had been served by such a move, the trial court attempted to effectuate the agreement of the parties by *Page 1389 
saying, in effect, that the parties, in their agreement, had intended that the child remain in the Gadsden area. Hence, the child should not be moved. However, such an agreement is conclusive of the child's best interests only as long as the status of the parties at the time remains unchanged. See, Sainv. Sain, 426 So.2d 853 (Ala.Civ.App. 1983). Having found that the circumstances of the parties had changed, the trial court was then obligated to determine whether the best interests of the child would be served by a modification of the previous custody arrangement due to the change in circumstances. See,Sain v. Sain, supra. The trial court failed to make such a determination but, instead, stated that it was enforcing the agreement of the parties. Thus, the court misapplied the law to the facts of this case.
The wife also argues that if it be decided that the trial court applied the correct principles of law the evidence does not support the trial court's finding that the circumstances have changed sufficiently to warrant changing primary physical custody to the husband. We agree.
Our review of the record convinces us that the wife is correct. The main thrust of the evidence was that the wife had moved her residence from Albertville, Alabama to Columbus, Mississippi, thus making it more difficult for the husband to visit his son. Problems encountered in carrying out visitation orders are not alone sufficient to necessitate change in custody. Sain v. Sain, supra. The evidence also reveals that subsequent to the parties' divorce neither the wife nor the child lived in Gadsden but, rather, both the wife and the minor child lived in Albertville, where the wife taught school. The husband and his family lived in Gadsden. No complaint was made about the wife's residing in Albertville, Alabama, a short distance from Gadsden.
Based on the above, we conclude that the trial court misapplied the law to the facts, i.e. it attempted to effectuate the agreement of the parties incorporated into the divorce decree rather than determining whether the best interests of the child would be served by the change in residence. Moreover, the judgment of the trial court is unsupported by sufficient evidence that the child's best interests would be served by placing his primary custody with the husband. The husband had the burden of producing such evidence, and he failed to do so.
The judgment of the trial court is reversed and the cause remanded with directions that the trial court restore primary custody to the wife as provided in the original decree.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.