BRADLEY, Presiding Judge.
This is a case involving the collection of a debt on an open account.
On October 28, 1982 Mr. Stewart Fuzzell (hereinafter “Fuzzell”) entered into a joint venture with Mr. Edsel Adams, who was *672 doing business under the name of Adams Plywood Company (hereinafter “Adams”). Under the terms of the agreement between Fuzzell and Adams, Fuzzell was to manufacture veneer which Adams was to put to use in the production of plywood. The agreement also required Adams to purchase all of the veneer that Fuzzell could produce.
Shortly after Adams and Fuzzell made their agreement, Fuzzell enlisted the help of Mr. Charles Stephens, Mr. Joe Mosely, and Mr. Johnny Wallace in establishing the proper organization to implement his business relationship with Adams. Mr. Fuzzell, Mr. Stephens, and Mr. Mosely organized a corporation, Cahaba-Abbeville, Inc., for the purpose of producing veneer for Adams. Mr. Wallace was not a stockholder; however, he was made vice president of the enterprise and given an option to purchase twenty-five percent of its stock. The shareholders of Cahaba-Abbeville, Inc. thereafter elected Subchapter S status, purchased several trailers from Cahaba Veneer, Inc., a company in which Fuzzell was a minority shareholder, and entered into various business arrangements with the plaintiffs in this case. The business arrangements, usually in the form of credit extended on open accounts, allowed Caha-ba-Abbeville, Inc. to purchase supplies with which to help produce veneer for Adams.
Sometime after Cahaba-Abbeville’s incorporation, the shareholders agreed to sell one hundred percent of their stock in Caha-ba-Abbeville, Inc. to Adams. Adams agreed to purchase all of Cahaba-Abbe-ville’s stock and to assume all of its existing debts. Before the sale could be completed, however, Adams began to experience financial problems and ultimately declared bankruptcy. The sale was never finalized.
On July 25,1985 Home Oil Company, one of the creditors of Cahaba-Abbeville and Adams, filed suit against Cahaba Veneer, Inc., alleging that Cahaba Veneer was the alter ego of Cahaba-Abbeville and, therefore, that Cahaba Veneer was liable for the debts incurred by Cahaba-Abbeville. Plaintiffs Abbeville Auto Parts and Vick-ery Auto Supply subsequently filed suit against Cahaba Veneer, seeking the recovery of amounts accrued on open account by Cahaba-Abbeville, Inc. All three cases were subsequently consolidated for trial in the Circuit Court of Henry County, Alabama.
The consolidated cases were tried in a nonjury trial on June 27, 1986 and at the close of the plaintiffs’ cases the trial court took the matters presented therein under advisement. The trial court subsequently rendered a verdict in favor of plaintiff Vickery Auto Supply in the amount of $4,441.79. The trial court also ruled in favor of plaintiff Abbeville Auto Parts in the amount of $1,055.62 and in favor of plaintiff Home Oil Company in the amount of $1,467.02.
Defendant, Cahaba Veneer, Inc., now appeals and asserts that the trial court erred in ruling that it was liable on the accounts. Specifically, Cahaba Veneer asserts that it cannot be liable for the debts of Cahaba-Abbeville, since it neither approved, nor ratified, nor was otherwise involved in the transactions in question. The plaintiffs, on the other hand, assert that defendant, Ca-haba Veneer, is either liable for the debts of Cahaba-Abbeville under an alter-ego theory or under an estoppel theory.
As a general rule, one corporation will be liable for the debts of a second, separate corporation only where the first corporation dominated the second to such an extent that the second corporation became a mere instrumentality of the first. Also, a complaining party must prove that the dominant corporation proximately caused its injury by misusing its control over the subservient corporation. See, Kwick Set Components v. Davidson Industries, Inc., 411 So.2d 134 (Ala.1982). Thus, the plaintiffs in the present case may recover the debts incurred by Cahaba-Abbeville upon offering sufficient proof that Cahaba Veneer controlled Cahaba-Abbeville and that Cahaba Veneer’s misuse of that control proximately led to the unpaid debts which Cahaba-Abbeville incurred. The plaintiffs may alternatively *673 recover the debts incurred by Cahaba-Abbeville by demonstrating that Cahaba Veneer intentionally or negligently clothed its officers or agents with the apparent authority to perform acts in its name. See, Oakdale Land Co. v. Fielding, 40 Ala.App. 601, 118 So.2d 608 (Ala.Civ.App.1960). If a corporation does so clothe its officers or directors, it will be estopped to deny that the apparent authority exercised by its officers or agents is real. Oakdale Land Co. v. Fielding, supra.
I. The Plaintiffs
As previously stated, this case actually involves three cases which were consolidated for purposes of trial and the prosecution of this appeal.
Plaintiff Abbeville Auto Parts sought the recovery of $1,055.62 for debts incurred by Cahaba-Abbeville on an open account. The expenses allegedly incurred on the open accounts included sums for automobile parts, automobile accessories, and related goods and services.
Plaintiff Vickery Auto Supply claimed $4,441.79 for debts allegedly incurred by defendant Cahaba-Abbeville on an open account. The debts were allegedly incurred by Cahaba-Abbeville for gasoline, oil, and labor purchased on an open account for the purpose of servicing Cahaba-Abbeville’s trucks.
Plaintiff Home Oil Co. claimed $1,467.02 allegedly due on an open account. Home Oil Co. alleged that the amount due on the open account was incurred for the purpose of purchasing gasoline, fuel, oil, and other related expenses.
II. The Possible Theories of Recovery
a. Alter Ego Theory
As previously stated, a creditor may hold one corporation liable for the debts incurred by a second corporation where the first corporation dominated the second to such an extent that the second corporation was merely an instrumentality of the first and where the dominant corporation’s misuse of its control over the first caused the creditor’s injury. Woods v. Commercial Contractors, Inc., 384 So.2d 1076 (Ala.1980).
The evidence in the present case reveals that Cahaba-Abbeville was incorporated after Mr. Stewart G. Fuzzell, who was president and a minority stockholder of Cahaba Veneer, was unable to persuade the other stockholders of Cahaba Veneer to enter into a joint venture with Adams. Since the remaining Cahaba Veneer stockholders could not be persuaded to take advantage of the opportunity, Mr. Fuzzell combined with Mr. Charles Stephens and Mr. Joe Mosely to incorporate Cahaba-Abbeville for the purpose of pursuing the joint venture.
At the time of the formation of Ca-haba-Abbeville, the only common officer shared by Cahaba-Abbeville and Cahaba Veneer was Mr. Fuzzell, who was a minority shareholder and president of both corporations. Furthermore, Cahaba Veneer did not own any stock or participate in the profits of the joint venture. In short, no evidence exists to demonstrate that Cahaba Veneer exercised any control over, let alone dominated, Cahaba-Abbeville. For this reason, Cahaba Veneer cannot be liable to the creditors of Cahaba-Abbeville for the debts incurred by Cahaba-Abbeville on the alter-ego theory. See, Kwick Set Components v. Davidson Industries, Inc., supra.
b. Estoppel
As previously argued, Cahaba Veneer may also be liable for the debts incurred by Cahaba-Abbeville under an estoppel theory-
Any time a private corporation clothes its officers or directors with the apparent authority to act for it, that corporation will be estopped to deny that the officer or director lacked the apparent authority to act. See, Oakdale Land Co. v. Fielding, supra. Apparent authority is that authority exercised by a corporate officer which, though not actually granted by the corporation, is knowingly permitted by the corporation. Oakdale Land Co. v. Fielding, supra. We also note that a corporation may only be liable for the acts of *674 its agents perpetrated under their apparent authority if those persons are, in fact, its authorized agents. See, Alabama Music Co. v. Nelson, 282 Ala. 517, 218 So.2d 250 (Ala.1968).
In the present case the evidence is undisputed that Mr. Johnny Wallace, who was a plant manager for Cahaba Veneer and vice-president of Cahaba-Abbeville, told the owners of Vickery Auto Supply that Cahaba-Abbeville was a subsidiary of Cahaba Veneer. Additionally, there is evidence that Vickery Auto Supply relied upon Mr. Wallace’s assertion that Cahaba Veneer was the parent company for Cahaba-Abbeville in extending credit to Cahaba-Abbeville on open account. Moreover, amounts which Cahaba-Abbeville incurred on open account were initially paid by a “Cahaba Veneer” check mailed in a “Caha-ba Veneer” envelope. Thus, this evidence creates at least an inference that Vickery could have reasonably relied upon Mr. Wallace’s assertion that Cahaba-Abbeville was, in fact, a subsidiary of Cahaba Veneer and that its reliance caused it to extend credit to Cahaba-Abbeville which it otherwise would not have extended.
Our review of the record as well as the testimony of Mr. Joe E. Harris convinces us that plaintiff Abbeville Auto Parts failed to establish sufficient evidence at trial that it relied upon the apparent authority of any Cahaba Veneer officer, director, or agent in extending credit to defendant Cahaba-Abbeville. Mr. Harris’s testimony indicates that he was the sole proprietor of Abbeville Auto Parts. While in business, Mr. Harris extended credit to both Adams and Cahaba-Abbeville; however, his testimony reveals that he thought all along that he was extending credit to Cahaba-Abbeville and he explicitly stated that he never received anything to lead him to believe that he was either dealing with Cahaba Veneer or that Cahaba Veneer was a parent of Cahaba-Abbeville.
The trial court, nonetheless, granted a $1,055.62 judgment in favor of Abbeville Auto Parts and against defendant Cahaba Veneer. As previously stated, no evidence exists from which we can reasonably conclude that defendant Cahaba Veneer would be liable for the debts incurred by Cahaba-Abbeville under an alter-ego theory. Additionally, no evidence exists from which we could even infer that Abbeville Auto Parts relied upon the representations of anyone from Cahaba Veneer such that Cahaba Veneer would be estopped from denying liability for the debts. See, Oakdale Land Co. v. Fielding, supra. Thus, the trial court erred in holding Cahaba Veneer liable for the debts of Cahaba-Abbeville.
Lastly, our review of the testimony of Mr. Ralph Clenney, doing business as Home Oil Company, like the testimony of Mr. Harris, fails to reveal any evidence either that Cahaba-Abbeville was the alter ego of Cahaba Veneer or that Home Oil Company relied upon any assertions made by any officer, director, or agent of Cahaba Veneer to the effect that Cahaba Veneer was a parent of Cahaba-Abbeville. There simply is no evidence to indicate that Caha-ba Veneer is liable for the debts of Caha-ba-Abbeville under an estoppel theory. No evidence exists from which one could draw an inference that anyone from Cahaba Veneer with the apparent authority to act made any statements to Home Oil Company which would have bound Cahaba Veneer. Furthermore, no evidence exists which would indicate that Home Oil Company relied on Cahaba Veneer’s alleged assertion that it was a parent of Cahaba-Abbe-ville or that it would otherwise be liable for Cahaba-Abbeville’s debts.
We recognize the presumptions which attach to a trial court’s ore tenus decision on appeal. See, McRight v. McRight, 444 So.2d 869 (Ala.Civ.App.1984). However, the ore tenus rule does not shield a trial court’s judgment when that judgment is based upon an erroneous application of the law to the facts or whenever no evidence exists to support the trial court’s judgment. See, McRight v. McRight, supra. In the present case no evidence exists to demonstrate that Cahaba Veneer dominated Cahaba-Abbeville so as to make the former liable for the debts of the latter under the “instrumentality theory.” Also, while sufficient evidence exists to suggest *675 that Mr. Johnny Wallace had been granted the apparent authority to bind Cahaba Veneer under an estoppel theory, as far as the debts of Vickery Auto Supply are concerned, no evidence exists to bind Cahaba Veneer for the debts Cahaba-Abbeville incurred while doing business with plaintiff Abbeville Auto Parts and plaintiff Home Oil Company. Thus, the trial court’s judgment that Cahaba Veneer was liable for the debts of Cahaba-Abbeville with respect to Abbeville Auto Parts and Home Oil Company is erroneous.
For the reasons previously mentioned, the judgment entered in favor of Vickery Auto Supply is affirmed, the judgments entered in favor of Abbeville Auto Parts and Home Oil Company are reversed. The cause is remanded for entry of judgment consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.