The parties have two minor children. The mother sought permission from the Circuit Court of Tuscaloosa County, Alabama to move the children with her from Tuscaloosa to Kennesaw, Georgia. The father counterclaimed for a change of child custody.
The 1986 judgment which divorced the parties was rendered by that Alabama court. Custody of the children was awarded to the mother with the father's liberal visitation rights to be in substantial accord with his visitation privileges as they were then being exercised. The divorce judgment further provided that the mother would seek approval of the trial court before establishing a residence with the children outside of Tuscaloosa County.
In the present proceedings the mother was granted the right to move the children to Kennesaw pendente lite. After the concise testimony of the parties and their stipulations were presented ore tenus to the trial court, a final judgment was rendered and entered which denied the husband's counterclaim and which allowed the mother to permanently move the children to Kennesaw. The father appealed.
We have carefully studied all of the evidence. The briefs of able counsel for each of the parents have been beneficial to us.
The children, who are now six and two years of age, are fortunate in that, from all appearances, the mother and the father are both exceptional parents. Neither parent finds or voices any parental fault with the other.
The father testified that the mother's present husband is a "really nice guy." He further testified as to the strong ties which the children have established in the Tuscaloosa community, where they have always resided, and to the strong father-children relationship that exists. He stated that the children visit with him one day each week and three weekends each month, that they see each other almost daily, and that he and the children will be deprived of much of their association with each other if the children are allowed to permanently move to Georgia. While he did not want their exclusive custody, he sought joint custody. *Page 641 
The mother presented evidence that her present husband, whom she married in December 1987, has a substantial position with a major Atlanta, Georgia newspaper; that the Kennesaw residence where they and the children now reside is ample and suitable in all respects; that they reside in a "swimming and tennis community" where children's recreation exists; that the home is within one mile of schools, daycare centers, and churches; and that the children have already established new relationships and have new friends in Kennesaw.
The mother was granted custody of the children via the 1986 divorce judgment. Consequently, the standard of proof as to the father's recent counterclaim for a change of custody is whether the benefits of his proposed change in custody outweigh the disruptive effects of such a change. Ex parte McLendon,455 So.2d 863 (Ala. 1984). The burden was upon the father to present such proof. McRight v. McRight, 444 So.2d 869
(Ala.Civ.App. 1984). When evidence in a custody matter is heardore tenus by the trial court, its decision is presumed to be correct and cannot be altered on appeal unless the judgment is so unsupported by the evidence as to be clearly and plainly wrong. Patchett v. Patchett, 469 So.2d 642 (Ala.Civ.App. 1985);McRight, 444 So.2d at 870. A change in the custodial parent's place of residence does not, of necessity, justify a change in child custody even where the relocation by the custodial parent is outside of the United States; however, such change is a factor to be considered. Means v. Means, 512 So.2d 1386
(Ala.Civ.App. 1987); Patchett, 469 So.2d at 644; McRight, 444 So.2d at 871.
Here, all indications signify that the children are well provided and cared for in their new home in Kennesaw. The father testified that, because of the relocation of the mother's residence, he and the children will not be able to maintain as much association and contact with each other as when the mother and children also resided in Tuscaloosa. Those facts, while true and unfortunate, would apply equally to the mother if custody were removed from her. The evidence was such that the trial court could have ascertained that the children are adjusting well to their move to Kennesaw, that they have already cultivated new friends there, and that they are well provided and cared for in their new home. We are not convinced that the trial court abused its discretion in any manner in rendering its latest final judgment in this case. The trial court was not palpably wrong. Consequently, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.