L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were married in July 1991. The husband filed a complaint for divorce in January 1992. In June 1992 the Circuit Court of Mobile County entered a judgment of divorce, awarding the husband a diamond ring and ordering that he reimburse the "wife $20,000 for expenditures she made during the marriage. Following post-judgment proceedings, the court modified its original judgment of divorce and entered the following pertinent provision:
“[E]ach party is awarded the personal property in his or her possession, except the [wife] is ordered to return to the [husband] the diamond ring, and further the [husband] shall reimburse the [wife] $12,-723.00, representing one-half of the expenses she paid on behalf of the parties before and after the marriage, and the [wife] is allowed to hold the ring as security until the money awarded to her is paid.”
In May 1993 the wife filed a motion to enforce the above provision. She requested that the court “enter an Order directing the [husband] to pay the monies owed within a time certain or, in the alternative, to forfeit his interest in the ring.”
The husband filed a motion to dismiss, alleging that “the provision that the [wife] is seeking to enforce is a property settlement over which this court has lost jurisdiction.” The court granted the husband’s motion and dismissed the wife’s motion to enforce.
The wife appeals and asserts that the court erred in dismissing her motion to enforce.
The determinative issue is whether the court had jurisdiction to grant the wife’s request more than four months after the original judgment was entered.
The motion filed by the wife asked only that the property division be enforced according to the original judgment. She did not ask that the property division be revisited. A court rendering a judgment has the inherent power to enforce the judgment and to make such orders as may be necessary to render it effective. Patchett v. Patchett, 469 So.2d 642 (Ala.Civ.App.1985).
The court has the jurisdiction to entertain the wife’s motion to enforce. Whether the court decides to enforce the original judgment is a question for another time and another day.
The judgment of the trial court is reversed and the cause remanded.
The husband’s request for attorney’s fees is denied. The wife’s request for attorney’s fees is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.