On Application for Rehearing
The opinion of October 17, 1997, is withdrawn, and the following is substituted therefor: *Page 453 
Melissa McGough and Joe McGough, Jr., were married on November 3, 1989. They have two minor children. The wife sued for a divorce on October 29, 1996, and the husband filed a counterclaim on November 22, 1996. The court entered a protection-from-abuse order on December 3, 1996, restraining both parties. The court also awarded the primary care, custody, and control of the minor children to the wife, pendente lite. Following oral proceedings, the court entered a final judgment of divorce on March 7, 1997, ordering, among other things, that the wife have custody of the minor children. The husband appeals that award of custody.
The husband claims that the trial court failed to consider joint custody of the minor children, as required by § 30-3-152, Ala. Code 1975. Section 30-3-152, which was only recently enacted,[1] states, in pertinent part,
 "(a) The court shall in every case consider joint custody but may award any form of custody which is determined to be in the best interest of the child. In determining whether joint custody is in the best interest of the child, the court shall consider the same factors considered in awarding sole legal and physical custody and all of the following factors:
 "(1) The agreement or lack of agreement of the parents on joint custody.
 "(2) The past and present ability of the parents to cooperate with each other and make decisions jointly.
 "(3) The ability of the parents to encourage the sharing of love, affection, and contact between the child and the other parent.
 "(4) Any history of or potential for child abuse, spouse abuse, or kidnapping.
 "(5) The geographic proximity of the parents to each other as this relates to the practical considerations of joint physical custody."
The husband argues that the trial court did not indicate in its final judgment order or anywhere else in the record that it had considered the five factors enumerated in §30-3-152(a)(1)-(5) concerning joint custody. He contends that without some reference to these five factors it is not possible to determine if the trial court complied with the requirements of § 30-3-152. The husband cites no Alabama authority requiring the court to make a statement in its order indicating that it has considered the five factors. Rather, he cites statutory requirements from four other states requiring the courts of those states to make such a statement and he argues that Alabama law requires the same statement.
It is undisputed that the issue of joint custody was before the court. When a trial court does not make specific findings of fact concerning an issue, an appellate court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala. 1996). There was evidence presented that related to the five factors. Under the facts and circumstances of this case, we find no requirement imposed under Ala. Code 1975, § 30-3-152, or existing caselaw which would require the trial court to make specific findings regarding factors which the court must consider in evaluating the issue of joint custody. Furthermore, we do not consider it within our purview to impose such a requirement simply because statutes impose that requirement on the courts of four other states. This court has written:
 "[O]ur standard of review is very limited in cases where the evidence is presented ore tenus. A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, Payne v. Payne, 550 So.2d 440 (Ala.Civ.App. 1989), and Vail v. Vail, 532 So.2d 639 (Ala.Civ.App. 1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App. 1990); *Page 454 Flowers v. Flowers, 479 So.2d 1257
(Ala.Civ.App. 1985)."
Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App. 1993), quoted with approval in Ex parte Bryowsky, 676 So.2d at 1324.
It would be the better practice for the trial court to indicate that it considered the five factors set out in the statute. Such a practice would enable the appellate court reviewing a case to be certain that the trial court complied with the statute. However, nothing in the statute requires the trial court to do so.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.
[1] The statute became effective January 1, 1997. This trial was held on February 18, 1997.