MOORE, Judge,
concurring specially.
I concur in all respects with the main opinion’s dismissal of the appeal due to the absence of a final judgment, but I write specially to address two other aspects of the order entered by the trial court on April 25, 2012, that I believe should be noted for the guidance of the trial court.
First, the trial court’s order provides, in pertinent part:
“3. That the parties shall immediately meet and resolve the issues of custody and placement of [the child] and of child support in order to avoid a dismissal of this case.”
Although a trial court may order the parties before it to mediate their dispute, “[a] court cannot ‘force’ settlements upon parties.” Henry v. Prusak, 229 Mich.App. 162, 170, 582 N.W.2d 193, 196 (1998). When parties before a trial court are unable to resolve their differences, it is the duty of the trial court to resolve the issues properly brought before it. Here, the trial court eschewed its duty by effectively dismissing the case solely because the parties did not settle their issues themselves, thereby depriving the parties of meaningful access to the judicial system.
Second, the trial court’s order provides:
“4. That this case shall be CLOSED forty-two (42) days from the date of this Order, at which time the custody of the child shall revert to the mother, unless the parties e-file a settlement agreement settling all of the issues between them, along with a proposed final order, within that time period.”
(Emphasis and capitalization in the original.) That language, however, amounts to a reversionary clause, which Alabama law disfavors. In Hovater v. Hovater, 577 So.2d 461 (Ala.Civ.App.1990), this court addressed a custody provision in a divorce judgment that awarded custody of the parties’ child to one parent, but ordered that physical custody of the child would revert to the other parent if certain specified events occurred in the future. 577 So.2d at 463. In addressing that provision, this court stated:
“We find ... the custodial reversionary clause in this instance to be of no effect because it is premised on a mere speculation of what the best interests of the children may be at a future date. We have found that an agreement of the parents is conclusive of the children’s best interests only as long as the status of the parties at the time remains unchanged. Means v. Means, 512 So.2d 1386 (Ala.Civ.App.1987). The trial court’s reliance on the operative language of the reversionary clause in *1100 changing the custodial arrangement in this instance is misplaced.”

Id.

Although, in the present case, paragraph 4 of the trial court’s order envisions a change in custody occurring only 42 days after the entry of that order, I conclude that it amounts to an impermissible rever-sionary clause. An award of custody should be based on the parties’ current circumstances rather than speculation as to what those circumstances might be in the future. Id.
Moreover, I note that the trial court vested custody with the mother without any determination as to whether that custody arrangement served the best interests of the child. A circuit court exercising the traditional powers of a chancery court, such as the trial court in this case, has “no more important or sacred duty to perform than to look after the proper care and custody of minors coming within their jurisdiction.” Murphree v. Hanson, 197 Ala. 246, 256, 72 So. 437, 441 (1916). A trial court may enter a judgment granting one parent custody of a child only after conducting a hearing and determining that such custody serves the best interests of the child, see Chandler v. Whatley, 238 Ala. 206, 189 So. 751 (1939), because it is the child’s interests that are primarily at stake. See Montgomery v. Hughes, 4 Ala.App. 245, 58 So. 113 (1911). A trial court fails in its duty to the child by awarding custody to one parent or the other without determining the effect that custody arrangement will have on the child. See generally S.A.N. v. S.E.N., 995 So.2d 175 (Ala.Civ.App.2008) (visitation case in which trial court awarded visitation to father without considering if visitation served best interests of children).
In this case, the trial court received evidence as to the custody issue, which evidence was heavily conflicting in nature, but it did not resolve that issue. The trial court simply decided that, if the parties could not agree between themselves who should have custody of the child, the mother would automatically be given custody at the end of 42 days, without finding that the mother’s having custody would serve the best interests of the child. It appears to me that the trial court based its custody order primarily, if not exclusively, on convenience to the court and not on the best interests of the child. On remand, the trial court should reconsider its custody determination in accordance with Alabama law.
THOMAS, J., concurs.