THIGPEN, Judge.
This is a custody ease.
In February 1992, Michael Moore filed a complaint seeking custody of a minor child born in March 1988. Moore alleged that he is the father of the child, and that Melissa Powell, the mother of the child, was his common law wife. Moore further alleged that he and Melissa lived together until her accidental death in December 1991, and that they “exercised joint care, custody and control over the minor child.” Moore alleged that Doris Foye, Melissa’s mother, “wrongfully and illegally took custody of the minor child” after he allowed an overnight visitation in February 1992. Moore requested the trial court, inter alia, to declare him the natural father of the child, to declare him to have been the common law husband of Melissa Powell, and to grant him custody of the child. The trial court granted Moore custody of the child pending the final hearing. Foye filed an answer and, inter alia, asserted that the child has lived in her home since his birth, and denied that Moore had ever had custody of the child. Following ore tenus proceedings, the trial court declared Moore to be the father of the child, declared that no common law marriage had existed, and granted custody of the child to Foye, the maternal grandmother. The trial court untimely denied Moore’s post-judgment motion. Hence, this appeal. *
Moore raises only one issue on appeal; i.e., whether the trial court erred in awarding custody of his child to the maternal grandmother.
Matters of child custody are subject to the sound discretion of the trial court, and custody decisions, which are based on ore tenus evidence, will not be reversed except for abuse or plain error. P.G. v. W.M.T., 590 So.2d 329 (Ala.Civ.App.1991). In a custody dispute between a parent and a nonparent, the natural parent has a prima facie right to custody. Ex parte Terry, 494 So.2d 628 (Ala.1986). The rationale is that, as a matter of law, a child’s best interests and welfare will be served by maintaining custody in the natural parent. Terry, supra. The strong presumption of the natural parent’s prima facie right to custody can be overcome only by a finding that the natural parent is unfit or has voluntarily relinquished custody of the child. Terry, supra. This presumption is afforded to the father of an illegitimate child. Ex parte D.J., 645 So.2d 303 (Ala.1994).
Our review of the record reveals that Moore and Foye presented much testimony *158 regarding whether a common law marriage had existed; however, little evidence in the three volumes of the record concerned the custody of the child. The trial court’s order merely stated, “Custody of the child of Michael Moore and Melissa Powell should be with the child’s grandmother, Doris Foye, subject to Michael Moore’s rights of reasonable visitation.”
The record reveals that Moore is stable in a long-term employment, and that, in addition to his salary, Moore has other employment benefits, including family insurance, retirement, and savings plans. The record also reveals that Moore is now married and provides an adequate home for his wife and the child. In its untimely order denying Moore’s post-judgment motion, the trial court concluded that Moore’s actions rose to “misconduct or neglect.” The trial court found that Moore’s name is not listed on the child’s birth certificate, that Moore did not pay any of the expenses related to the child’s birth, that Moore did not provide for the child when he and the mother lived apart, that the mother received Aid to Dependent Children, and that Moore did not attempt to legitimate the child before the mother’s death. These facts are insufficient to support a finding that Moore voluntarily relinquished custody of the child since he did not have a right to custody until the mother died. Ex parte D.J., supra. Therefore, we reverse the trial court’s judgment and remand the cause to the trial court to make a finding as to Moore’s fitness.
REVERSED AND REMANDED WITH INSTRUCTIONS.
•ROBERTSON, P.J., and YATES, J., concur.