CRAWLEY, Judge.
In February 1995, Claudia Jeanette Snypes (the “maternal grandmother”) filed a petition against Ronald Novis Walker (the “father”), seeking custody of her two minor grandchildren, after her daughter, Donna Rae Snypes Walker, the mother of the children, had died. The mother had been awarded custody of the children pursuant to a Georgia divorce judgment. The father answered the maternal grandmother’s complaint and cross-petitioned for custody. Following ore tenus proceedings, the trial court awarded custody of the children to the maternal grandmother. The trial court also awarded the mother’s estate a $25,032.00 child support arrearage. The father appeals.
In child custody cases, the trial court’s judgment is presumed correct, and its judgment will not be reversed absent a plain and palpable abuse of discretion. Ex parte Jones, 620 So.2d 4 (Ala.1992). Our supreme court reiterated the appropriate standard to be applied in a custody dispute between a parent and a nonparent, in Ex parte Terry, 494 So.2d 628 (Ala.1986). The court stated:
“ ‘The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 559 (Ala.1981).’ [Ex parte Mathews, 428 So.2d 58, 59 (Ala.1983) ].”
494 So.2d at 632 (emphasis in original).
We conclude that the trial court erred in awarding custody of the children to the *189 maternal grandmother without having found that the father is unfit to have custody. Id. See also, Moore v. Foye, 646 So.2d 156 (Ala.Civ.App.1994). The trial court’s judgment merely granted custody of the children to the maternal grandmother without making any findings as to the father’s fitness as a custodial parent. Therefore, in accordance with Terry, supra, we remand the cause for the trial court to make a finding as to the father’s fitness and to make a custody determination accordingly.
The father also argues that the trial court erred in awarding the mother’s estate a $25,-032.00 child support arrearage. The father does not cite any authority for his argument, and pursuant to Rule 28, A.R.App.P., we affirm the trial court’s judgment as to the child support arrearage. Simonton v. Carroll, 512 So.2d 1384 (Ala.Civ.App.1987).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.