The parties were divorced in August 1987. The mother, by agreement, was awarded custody of the minor son. In August 1990 the father filed a petition to modify custody. Following an ore tenus proceeding the trial court changed custody to the father.
The trial court based its decision on such factors as the wife's anticipated move to St. Petersburg, Florida, her imminent marriage to a man recently divorced, and the fact that the wife's intimate relationship with that man "could have been a contributing factor to the breakdown of (his) marriage." The court found the child to be well adjusted and the parenting skills of the father to be superior to those of most fathers of young children. In awarding custody to the father the court found the following:
 "1. That the least disruptive change for [the child] would be for him to remain in the Montgomery area, remain in his present school environment, and in the custody of his father. That being in the custody of his father would materially promote the best interests and welfare of [the child]; and that the father, at this time, is better suited to meet the needs of [the child]. The father has demonstrated his willingness to put the needs of [the child] ahead of his own."
The mother appeals and contends that the trial court erred in transferring custody to the father.
The parent seeking modification of a previous order granting custody bears the stringent burden of proving that a change in custody will materially promote *Page 68 
the child's best interests. Ex parte McLendon, 455 So.2d 863
(Ala. 1984). The moving parent must demonstrate to the trial court that such a change in custody will more than offset the inherently disruptive effect caused by uprooting the child.McLendon.
The father presented evidence, via seven character witnesses, regarding his fitness as a parent. A psychologist, employed by the father, opined that the move to St. Petersburg would be detrimental to the child because the child would not get to see his father on a regular basis. The father also presented evidence that the child became upset and unruly when he returned to his mother after a visit with his father. The father alleged, without supporting proof, that the mother was having an adulterous affair with her intended prior to his divorce.
The mother presented evidence of her fitness as a parent. The child's teacher testified to observing a loving interaction between the mother and the child. She stated that the mother was very active in school activities, that the child appeared to be happy, energetic, and secure, and that the child was always eager to see his mother at the end of the school day.
The mother testified that the child had visited St. Petersburg on several occasions, that they had selected a day care, and that the child had met his teacher. She stated that they had a number of friends from Montgomery who had relocated to St. Petersburg. The pastor's wife from her St. Petersburg church testified that the wife's intended had a very loving and friendly relationship with the child.
When a trial court hears evidence ore tenus, makes findings of fact, and enters its judgment based upon such facts, we review that judgment with a presumption of correctness. We will not reverse except for an abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Matter of Young, 456 So.2d 823 (Ala.Civ.App. 1984).
In this instance we find the trial court's judgment to be an abuse of discretion because it is unsupported by the evidence. The court's determination is based primarily on three factors: the wife's anticipated move to St. Petersburg, the implied intimacy of the relationship between the wife and her intended, and the finding that the father has parenting skills "superior to most fathers." As to the latter factor, we find no such comparison in the evidence. The evidence would equally support such an accolade for the mother. There is no indication but that the mother during the three years of her primary custody has been a loving and caring parent.
As a general rule, a change in the custodial parent's residence is a factor to be considered when determining the outcome of a modification petition. Patchett v. Patchett,469 So.2d 642 (Ala.Civ.App. 1985). That change, however, does not necessarily justify a change in custody. Patchett. The petitioning parent must prove that the proposed relocation would have an adverse effect upon the child. Patchett. The record below contains no evidence that the wife's proposed relocation would have an adverse effect on the child. The main thrust of the evidence was that the proposed relocation would make it more difficult for the father to visit his son. It must follow that if custody is changed it will make it equally difficult for the mother to visit the son. Problems with visitation are not alone sufficient to necessitate a change in custody. Means v. Means, 512 So.2d 1386 (Ala.Civ.App. 1987). It is evident that the projected move of the mother to Florida precipitated the filing of the petition for modification by the father. His agreement for custody by the mother at the time of divorce was not questioned by petition until the relocation became imminent. (Such relocation has apparently been cancelled, according to the motion of the mother for rehearing.)
The court's finding that the intimate relationship between the wife and her intended "could have been a contributing factor to the breakdown of the (intended's) marriage" is premised on mere speculation *Page 69 
without the requisite supporting proof. In the trial court's own words, "The allegation of the father that the mother had engaged in an adulterous affair was not proven."
We have carefully reviewed the record before us and find that both parents are capable of providing the child with a loving and proper environment. The mother has done so for three years. The father has failed to show by material evidence, as required by McLendon, that removing custody from the mother would materially promote the welfare and best interests of the child. The judgment of the trial court is therefore reversed.
The mother is awarded an attorney's fee in the amount of $500.
The father's request for an attorney's fee is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.