The parties were divorced in 1986 and the mother was awarded custody of the child. In 1991 the father filed a petition for modification of the divorce decree, seeking a change of custody. After an ore *Page 996 
tenus proceeding, the trial court entered an order granting the father's petition. The mother appeals.
Issues concerning child custody are within the sound discretion of the trial court, whose judgment will not be reversed unless it is plainly and palpably wrong. Whitfield v.Whitfield, 570 So.2d 700 (Ala.Civ.App. 1990). The issue before us is whether the trial court abused its discretion by granting the change of custody.
The record shows that the ore tenus proceeding on the petition to modify was an extremely brief one. At the outset, the trial court stated that it was going to grant the change of custody based on the 14-year-old child's wishes, unless there was some reason why it ought not to. The child was then called as a witness and testified that she lived with her father the preceding summer and enjoyed it and that she wanted him to be given custody. She also stated that she had been confused about which parent to live with, but had made her choice. This exchange then took place:
 "THE COURT: Okay. And you just want to live with your dad for awhile, and if you decide you will go back and live with your mother? Is that what you are saying?
"[The child]: I guess so.
 "THE COURT: Well, that is the way it ought to be. Nothing wrong with that. Thank you."
No other evidence was taken, and the trial court entered an order changing custody on that same day.
The mother argues that the trial court did not employ the proper standard in reaching its determination. She points out, and we agree, that a parent seeking modification of a previous order of custody bears the burden of proving that a change in custody will materially promote the child's best interests.Moore v. Moore, 585 So.2d 66 (Ala.Civ.App. 1991), citing Exparte McLendon, 455 So.2d 863 (Ala. 1984). The petitioning parent must demonstrate to the court that such a change will more than offset the inherently disruptive effect caused by uprooting the child. Moore. The mother also stresses that the preference of the child, regardless of her age and maturity, is not determinative of the issue of custody but is merely a factor the trial court may consider in reaching its decision.Ezell v. Hammon, 447 So.2d 766 (Ala.Civ.App. 1984).
We must emphasize that a change of custody from one parent to another is not a decision to be made lightly. On the contrary, it may be granted only where the evidence discloses an obvious and overwhelming necessity for change of custody.Whitfield. Here, there is simply no evidence to show that a change of custody is necessary. At trial, there was no mention of the child's needs or the ability of the father to care for her. There is certainly nothing to indicate that the mother is anything less than an exemplary parent. It does not appear from the child's testimony that she is particularly unhappy in her mother's home. The child merely prefers to live with her father at this time. Under Alabama law, this is simply not enough to justify a change of custody. Accordingly, the trial court's judgment is reversed and the cause remanded for entry of judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur.
ROBERTSON, P.J., dissents.