I must respectfully dissent to the reversal of the trial court's judgment in this case. After hearing considerable testimony, the trial court found that:
 "The principal issue here is whether the primary custody of Jonathon Beau Harris (date of birth October 3, 1983), minor son of the plaintiff and the defendant, should be changed from the plaintiff (the primary custodial parent) to the defendant (the non-custodial parent). The Court finds the primary custody should be changed and that the child should be placed in the primary custody of his father.
 "The burden of proof that is placed upon the non-custodial parent seeking to change custody of a child is heavy. The noncustodial parent must prove his or her own fitness to have custody and also prove that a change in custody would materially promote the child's best interest and welfare. The degree to which the best interest and welfare of the child is materially promoted should be shown to more than offset the disruptive effects naturally created by uprooting the child from his or her present environment. (Mashburn v. Mashburn, 555 So.2d 1123; Ex parte McLendon, 455 So.2d 863; Curl v. Curl, 526 So.2d 26; [ (Ala.Civ.App. 1988)] and Wood v. Wood, 333 So.2d 826.) [(Ala.Civ.App. 1976)] The defendant has met this burden.
 "The Court has looked closely to the evidence relating to the plaintiff's and the defendant's home environment and personal life. The parental responsibility shown by each has been considered. The positive and/or negative influence of others on the minor child during these important developmental years in his life is an important factor the Court has considered. The environmental influence of others in the plaintiff's home is significantly different than in the defendant's home. The personal life and lifestyle of each parent has been considered. The child's education and the influence on his education is an important factor that the Court has considered. The facts and circumstances peculiar to this case have been weighed and the Court is satisfied that primary custody should be changed."
"When reviewing a custody case wherein the evidence was presented ore tenus, an *Page 104 
appellate court will not disturb the findings of the trial judge unless they are found to be unsupported by the evidence and therefore plainly wrong." Ex parte Jones, 620 So.2d 4, 7
(Ala. 1992) (citations omitted). In my opinion, the evidence clearly supports the trial court's judgment, and the majority of this court did not observe the above standard of review. "It is not enough that the Court of Civil Appeals would or could have reached the opposite conclusion; rather, the Court of Civil Appeals is bound to look at the evidence to determine if the trial judge was plainly and palpably wrong, in light of the standards set forth in Ex parte McLendon, supra." 620 So.2d at 7. I cannot find that the trial judge was plainly wrong, but instead, I find that the trial judge was absolutely right in his determination of custody in this case. Therefore, I respectfully dissent.