This is an appeal from a judgment by the trial court modifying a divorce judgment to change custody of the parties' children.
Janice Fain Vick and Carl Ray Vick were divorced in October 1992 in Baldwin County. They have two children together. The divorce judgment awarded custody of the children to the wife. Since then, the parties have returned to court in Baldwin County several times seeking modification and/or enforcement of various provisions of the divorce judgment. Sometime after the divorce, the wife moved to South Carolina with the children.
In January 1995, the husband petitioned for change of custody, alleging that he had been consistently denied visitation with his children. In February 1995, after being served with the husband's petition by certified mail, the wife filed a motion to "change venue," requesting the trial court to "transfer" the case to South Carolina. Although the circuit clerk's office had assigned the action to Judge Lyn Stuart, who had presided over the parties' last controversy, the file and the wife's "Motion to Change Venue" were apparently mistakenly sent to Judge Pamela Baschab, who had presided over an earlier controversy between the parties after the divorce. On February 27, 1995, Judge Baschab granted the wife's "Motion to Change Venue" and entered an order purporting to transfer the case to South Carolina.
On March 23, 1995, the husband filed a motion asking the trial court to reconsider and set aside its order "changing venue" and "transferring" the case to South Carolina. On May 10, Judge Baschab entered an order "transferring" all remaining issues pending in the action to Judge Stuart, to whom the case had actually been assigned. On June 15, Judge Stuart entered an order 1) vacating Judge Baschab's February 27 order that purported to transfer the case to South Carolina, and 2) setting the case for trial on June 23.
On June 23, counsel for the wife appeared at the hearing and filed a motion to quash the proceedings, alleging lack of personal and subject matter jurisdiction, "lack of venue," and lack of due process. The trial court denied this motion orally and ordered the wife to appear in court, with the children, on June 30 to produce the children so that the husband could exercise his summer visitation. The wife failed to appear or to produce the children on June 30; instead, her attorney, who did appear, filed another motion on that date, styled "Motion to Alter, Amend or Vacate Judgment Pursuant to A.R.C.P. 59."
On July 1, the trial court entered a written order that denied the wife's motion to quash; amended its order of June 15 to provide that Judge Baschab's order "transferring" the case to South Carolina was void ab initio; ordered the wife to appear in court and produce the children on July 7 for the husband to exercise his summer visitation; and set the case for trial on August 3, 1995. The trial court stated that failure to comply with its order would result in the court's entering an order changing custody of the children to the husband because of what the court described as the wife's continued failure to comply with orders of the court and her contemptuous failure to allow the husband court-ordered visitation with his children. *Page 1326 
The wife did not appear in court or produce the children on July 7, and on that date the trial court denied her motion to alter, amend, or vacate the judgment. On July 31, 1995, the trial court entered an order denying a motion to stay that the wife had apparently filed[1] and transferring custody of the children to the husband "pending further orders of this Court," based upon "the continuing contemptuous conduct of the [wife]." This court cannot determine from the record whether the trial on the merits that was scheduled for August 3, 1995, was held or whether the trial court considered its July 31 order to be a final decision on the merits.
In August, the wife filed a petition for writ of mandamus to this court in relation to the trial court's July 1 order. This court denied the wife's petition, and in September 1995 the wife appealed from the trial court's July 31 order.
The wife first contends that Judge Stuart improperly "overruled" Judge Baschab's earlier order purporting to transfer venue to South Carolina. She argues that Judge Baschab properly transferred the case to South Carolina and that, once this was done, there were no matters pending in the case in Baldwin County and that it was improper for Judge Stuart to act in the case. We find this argument to be without merit.
First, we note that venue refers to the county in which an action properly lies within the state. Therefore, venue could not be transferred to another state. See generally Rule 82, Ala.R.Civ.P. The trial court could, however, have declined to exercise jurisdiction in this case on the ground of inconvenient forum, pursuant to § 30-3-27, Ala. Code 1975. If the trial court had declined to exercise jurisdiction, the proper procedure would have been for the trial court to either dismiss the proceedings in Baldwin County, or to stay those proceedings upon the condition that a custody modification proceeding be promptly commenced in South Carolina. § 30-3-27.
Additionally, we note that after Judge Baschab entered her order purporting to transfer the case to South Carolina, the husband filed a timely motion to set aside that order. The husband's motion was pending before the circuit court at the time Judge Baschab transferred all pending issues in the case to Judge Stuart. Therefore, Judge Stuart did not err in ruling on the husband's motion and setting aside Judge Baschab's order purporting to transfer the case to South Carolina. The order "transferring venue" in the case to South Carolina was a legal impossibility; therefore, Judge Stuart did not err in setting aside that order and in later finding it to be void ab initio.
Next, the wife contends that the trial court did not have personal jurisdiction over her. The husband argues that the wife waived this defense.
Rule 12(b), Ala.R.Civ.P., provides that the defenses of improper venue, lack of jurisdiction over the person, and lack of jurisdiction over the subject matter may be made by motion or in a responsive pleading. If made by motion, it must be made before any responsive pleading. Rule 12(g), Ala.R.Civ.P., provides that any motion under Rule 12(b) may be combined with any other motions made under that rule. Rule 12(g) further provides that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based upon the defense or objection so omitted. . . ." Rule 12(h) provides that the defense of lack of jurisdiction over the person is waived "(A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading. . . ."
The wife filed a motion to "change venue," which could possibly have been treated as a motion to dismiss for lack of subject matter jurisdiction. Both improper venue and lack of subject matter jurisdiction are defenses under Rule 12(b). The wife did not include *Page 1327 
in that motion the defense of lack of jurisdiction over the person, nor was it raised in a responsive pleading. Therefore, that defense was waived, and she could not assert it at the June 23 hearing. We find no error in the trial court's refusal to dismiss this action for lack of in personam jurisdiction over the wife.
The wife next contends that the trial court did not have subject matter jurisdiction over the husband's petition to change custody, because she and the children live in South Carolina.
The physical presence of a child in this state is not a prerequisite for jurisdiction to determine that child's custody. § 30-3-23(c), Ala. Code 1975. The Uniform Child Custody Jurisdiction Act (UCCJA) (found in §§ 30-3-20 through 30-3-44, Ala. Code 1975) "encourages continuing jurisdiction by a court which entered an original custody judgment unless that court is presently without jurisdiction . . . or has declined to assume jurisdiction." Pitts v. Sutter, 408 So.2d 105
(Ala.Civ.App. 1981), cert. denied, 408 So.2d 114 (Ala. 1982).
Section 30-3-23, Ala. Code 1975, provides, in pertinent part:
 "(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
". . . .
 "(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
 "a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
 "b. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. . . ."
The original divorce judgment and subsequent orders enforcing and/or modifying that judgment were entered in Baldwin County. The husband's petition to change custody was based upon the wife's alleged contemptuous refusal to allow visitation that had been ordered by the Baldwin County Circuit Court. Both the children and the mother lived in Alabama before the divorce and for a period of time following the divorce, and all have since visited Alabama. We find that the parties have a sufficient connection with Alabama and that there is sufficient evidence in Alabama for the trial court to determine that it is in the best interests of the children for Alabama to assume jurisdiction. Therefore, the trial court did not err in refusing to dismiss the case for lack of subject matter jurisdiction.
Next, the wife contends that the trial court erred in transferring custody to the husband without making a finding that a change in custody would materially promote the children's best interest, pursuant to the standard set out inEx parte McLendon, 455 So.2d 863 (Ala. 1984).
When a noncustodial parent seeks to modify the custody provision of a divorce judgment, the "parent seeking custody must show not only that he is a fit parent but also that awarding him custody would materially promote the child[ren]'s welfare." Clayton v. Clayton, 598 So.2d 929, 930
(Ala.Civ.App. 1992), citing McLendon, supra. "The positive good brought about by a change of custody must more than offset the inherently disruptive effect caused by uprooting the child[ren]." Id. Although the trial court is given great discretion in determining matters of child custody, its failure to employ the proper standard is reversible error. Id.
After setting out the procedural history of the case and denying the wife's motion to stay and her motion to alter, amend, or vacate the judgment, the trial court's order merely stated that "because of the continuing contemptuous conduct of the [wife] the custody of the minor children . . . is hereby transferred to [the husband] pending further orders of this Court, and that an immediate pick up order shall issue herewith for the minor children." The trial court committed reversible error by failing to determine whether the change in custody would materially promote the children's interests.
The wife further argues that she was denied due process when the trial court removed *Page 1328 
custody of the children; she says the court changed custody without providing her proper notice and without a hearing. Section 30-3-24 provides that, before the court makes an order under the UCCJA
 "reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child. If any of these persons is outside this state, notice and opportunity to be heard shall be given pursuant to section 30-3-25."
The record reveals that the wife was given notice of the proceedings for change of custody. However, she claims that she was not provided adequate notice of the date the hearing was scheduled and was, therefore, not provided with an "opportunity to be heard" as required by § 30-3-24.
In a custody modification action, "[p]rocedural due process should be scrupulously observed by perfecting proper service of the pleadings and of reasonable notice of the setting of the matter for trial." Wyatt v. Falhsing, 396 So.2d 1069, 1073
(Ala.Civ.App. 1981).
The trial court's order setting the modification petition for trial on August 3, 1995, was entered on July 1, 1995, and copies of the order were mailed out by the circuit clerk's office by July 5, 1995, at the latest. From the record, it appears that adequate notice of the August 3, 1995, trial setting was afforded to the wife. However, we cannot tell from the record whether a hearing was actually held before the trial court's July 31, 1995, order transferring custody and, if it was, whether the wife was given notice of the hearing.
The judgment of the trial court transferring custody to the husband is reversed and this cause is remanded for a hearing, to be conducted after all parties are afforded reasonable notice pursuant to § 30-3-24, to determine whether a change in custody would materially promote the children's best interests.Ex parte McLendon, supra.
The husband's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in the result.
[1] The record contains the husband's "Response to [the wife's] Motion to Stay," which was filed on July 20, 1995, and the trial court's denial of that motion to stay on July 31, 1995. However, the wife's motion to stay is not in the record, nor is it noted on the case action summary sheet.