CRAWLEY, Judge.
In February 1995, Carl Jordan Stewart sued Sandy Kathleen Steele Stewart for a divorce, alleging incompatibility and requesting, among other things, custody of their minor child and child support. The wife answered and counterclaimed for divorce, alleging incompatibility and requesting, among other things, custody and child support. The wife amended her counterclaim for divorce, to allege that the husband had committed adultery and to request that the trial court consider that fact in making the divorce judgment. The paternal grandparents filed a petition to intervene in the action, requesting custody of the child and requesting child support from the husband and wife. Following ore tenus proceedings, the trial court, among other things, awarded custody of the child to the paternal grandparents and ordered the husband and wife to pay child support. The wife filed a post-judgment motion, which the trial court denied. The wife argues on appeal that the trial court erred in awarding custody of the child to the paternal grandparents. The husband did not appeal.
In child custody cases, the trial court’s judgment is presumed correct, and its judgment will not be reversed absent a plain and palpable abuse of discretion. Ex parte Jones, 620 So.2d 4 (Ala.1992). Our supreme court reiterated the appropriate standard to be applied in a custody dispute between a parent and a nonparent, in Ex parte Terry, 494 So.2d 628 (Ala.1986). The court stated:
“‘The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of ... misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 559 (Ala.1981). [Ex parte Mathews, 428 So.2d 58, 59 (Ala.1983) ].’ ”
494 So.2d at 632 (emphasis in original). In its judgment awarding custody of the child to the paternal grandparents, the trial court expressly found that “[t]he mother and father lack the maturity to be awarded custody of their minor child.” We conclude that the trial court’s finding of the mother’s immaturity is not a sufficient finding of the mother’s fitness, as mandated by Terry. Therefore, we reverse the trial court’s judgment and remand the cause for the trial court to make a finding as to the mother’s fitness.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN and YATES, JJ., concur.
MONROE, J., concurs specially.