This is a child custody modification case.
The parties were divorced in October 1992, and the mother was awarded custody of the parties' two children. The father petitioned for a change of custody; the trial court granted the petition, stating that it was doing so "because of the continuing contemptuous conduct of the [wife]" by failing to comply with the trial court's orders requiring the wife to produce the children so that the father could exercise his visitation rights. The mother appealed.
This court affirmed that part of the trial court's judgment holding that it had continuing jurisdiction of the case under the Uniform Child Custody Jurisdiction Act (UCCJA), § 30-3-20
et seq., Ala. Code 1975; we reversed that part of the trial court's judgment changing custody; and we remanded the cause with instructions for the trial court to apply the standard appropriate to child custody modification proceedings. Vick v.Vick, 675 So.2d 1324 (Ala.Civ.App. 1996). We also affirmed the trial court's order vacating a previous order of the Baldwin Circuit Court that purported to transfer the case to South Carolina, where the mother and the children have lived since July 1993. Id. at 1327.
On remand, the trial court again modified the divorce judgment so as to place custody of the children with the father. At the time of the hearing, the parties' daughter was nine years old and the son was four years old. In its order, the trial court expressly stated:
 "[T]here has been a substantial material change in circumstances since the entry of the . . . divorce in that the Court finds that the mother has moved to South Carolina and apparently will do everything in her power to prevent the Husband from having any contact with the minor children.
". . . .
 "It is in the best interest of the minor children to have contact and regular visitation with both of their parents. This can only be accomplished by a change of custody to the father.
 "A change of custody under the circumstances of this case would materially promote the well-being of the minor children so as to outweigh any inherent disruption caused by the change of custody."
The mother filed a motion to alter, amend, or vacate the judgment. She attached as an exhibit the affidavit of the guardian ad litem appointed in South Carolina to coordinate the children's visitation with the father. The guardian stated that the mother had cooperated with her in arranging visitation and that *Page 854 
it was the father who had failed to cooperate with the guardian and to make himself available for visitation. The trial court denied the mother's post-judgment motion. The mother appealed.
Before we reach the merits of the mother's appeal, we must first address an unusual jurisdictional conflict that has come to this court's attention. Although we previously upheld the Baldwin Circuit Court's exercise of jurisdiction in this case, it appears that during the subsequent proceedings in the trial court and during the pendency of this appeal, the family court in South Carolina has continued to exercise jurisdiction over this case based on the void transfer. In so doing, the South Carolina court has not recognized the judgments entered by the Baldwin Circuit Court vacating the previous order "transferring venue" and the opinion previously entered by this court.
The mother filed a supplemental record on appeal containing an order dated October 16, 1996, after this appeal was taken, that was issued by the family court in South Carolina. That order ratifies an agreement that the parties appear to have reached since this appeal was taken and states that the parties have agreed that the mother will retain custody of the children. Thus, we are presented with a situation where both parties are submitting to the jurisdiction of the courts of two states and where both states claim to have jurisdiction.
The Parental Kidnapping Prevention Act (PKPA),28 U.S.C. § 1738A (West 1994), governs jurisdictional disputes between courts of different states in child custody matters. Section 1738A provides:
 "(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.
". . . .
 "(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —
 "(1) such court has jurisdiction under the law of the State; and
"(2) one of the following conditions is met:
". . . .
 "(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.
 "(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.
". . . .
 "(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
 "(1) it has jurisdiction to make such a child custody determination; and
 "(2) the court of the other State no longer has jurisdiction, or it has declined to exercise jurisdiction to modify such determination.
 "(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination."
Alabama has jurisdiction under the above-quoted sections of the PKPA because, as we previously decided, Alabama has jurisdiction under our state law (UCCJA), Vick, supra; because the father remains a resident of Alabama; and because the trial court did not validly decline to exercise jurisdiction over the case.[1] Therefore, South Carolina *Page 855 
lacked jurisdiction to modify the custody order and should have given full faith and credit to the judgments of the courts of this state.
We note that, by virtue of the child's residence in South Carolina for more than six months, which makes that state the child's "home state" as defined in 28 U.S.C. § 1738A(b)(4), South Carolina would become the proper jurisdiction for any further custody proceedings in this case if a court of this state declined further jurisdiction over the case. § 1738A(f). To prevent any further jurisdictional disputes, this court hereby holds that any further proceedings in this case should be deferred to the child's home state, where the child lives and where there is evidence available regarding the child's living circumstances and that the courts of this state will decline to exercise jurisdiction over any future custody proceedings in this case. However, because this state currently retains jurisdiction of the case, we will address the merits of the case despite the parties' purported agreement regarding custody.
The judgment of a trial court based on ore tenus evidence is entitled to a presumption of correctness on appeal.Hermsmeier v. McCoy, 591 So.2d 508 (Ala.Civ.App. 1991). However, that presumption can be overcome when there is an absence of material evidence to support the trial court's factual findings. Means v. Means, 512 So.2d 1386
(Ala.Civ.App. 1987). Thus, while issues concerning child custody are within the sound discretion of the trial court, that judgment will be reversed if it is so unsupported by the evidence that it is plainly and palpably wrong. Hermsmeier, supra, at 509;Glover v. Singleton, 598 So.2d 995 (Ala.Civ.App. 1992).
A parent seeking to modify a previous custody order bears a heavy burden of proof. The parent must prove that a material change in circumstances has occurred since the prior judgment, and that a change of custody will materially promote the child's best interest and that the benefits of the change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, 455 So.2d 863, 866
(Ala. 1984). The evidence must be so substantial as to show an obvious and overwhelming necessity for a change. Klapal v.Brannon, 610 So.2d 1167 (Ala.Civ.App. 1992).
The father petitioned for modification, based on his assertion that the mother refused to recognize his visitation rights, to the detriment of the children. Neither the mother nor the children were present at the hearing on the petition to modify. No evidence was presented regarding the present living conditions of the mother and children, nor was there any allegation that the mother was unfit to care for the children. The only evidence presented was the testimony of some of the father's friends and family members who testified that the father loves his children and that he misses them that he would provide a good home for them; and that the mother had denied the husband visitation with the children. One witness testified that she had spoken with the parties' daughter by telephone since she moved to South Carolina and that the daughter had expressed a desire to see the father. This witness also stated that she believed the children were adversely affected by the wife's moving them out of the state. All of these lay witnesses said that they thought that it would be in the best interest of the children to have a relationship with the father and that they thought a transfer of custody would materially promote the children's best interest.
Based on this testimony, the trial court granted the father's petition to modify custody, despite its finding that "[n]o evidence was presented concerning the present circumstances of the minor children while in custody of their mother except that the children *Page 856 
are denied open communication with family members and friends and have been denied all contact of any kind with their father." The trial court also found that the father would be a fit and proper person to have custody of the children.
We are compelled to reiterate that, in matters of child custody, frequent disruptions are discouraged. McLendon, supra, at 866 (quoting Wood v. Wood, 333 So.2d 826, 828
(Ala.Civ.App. 1976)). This court has held that problems encountered in carrying out visitation, taken alone, are not sufficient to necessitate a change of custody. Means, supra, at 1389; Ward v.Rodenbaugh, 509 So.2d 910 (Ala.Civ.App. 1987). A change in the custodial parent's residence is also insufficient to warrant a change of custody. Means; Moore v. Moore, 585 So.2d 66
(Ala.Civ.App. 1991).
Our review of the record leads us to conclude that the evidence does not support the trial court's decision to transfer custody to the father. The father had the burden of proving that the wife's alleged denial of his visitation had a detrimental effect on the children; he also must prove not only that he is a fit parent, but that the positive good brought about by the transfer of custody would more than offset the disruptive effect of the change. Butts v. Startley,600 So.2d 310 (Ala.Civ.App. 1992); Smith v. Smith, 586 So.2d 916
(Ala.Civ.App. 1991). We fail to see how the trial court could determine that the husband had met that burden without being presented more detailed evidence regarding the living situation available with the father and the present conditions in the mother's home.
The evidence presented by the father's witnesses disclosed nothing more than that the father was denied visitation. The witnesses' opinions regarding the benefits of a change of custody were speculative at best. Furthermore, the allegations that the mother was the cause of the visitation problems were disputed by the affidavit of the guardian ad litem, which the mother filed in support of her post-trial motion. Because the evidence presented by the father fell short of meeting his stringent burden of proof, we hold that the trial court's judgment is so unsupported by material evidence as to make that judgment plainly and palpably wrong. Therefore, the judgment of the trial court is reversed.
In issuing this opinion, we are not suggesting that parents should be allowed to violate visitation orders or that when one parent does so the other parent should be without recourse. However, there are other, more appropriate, methods for enforcing visitation rights, such as contempt proceedings or even motions to clarify the order regarding visitation rights. Transferring custody is rarely an appropriate method of enforcing visitation rights because such changes have the effect of punishing the children for their parents' noncompliance. Transferring custody creates the very instability in the lives of the children that theMcLendon standard was designed to prevent.
The judgment of the trial court changing custody from the mother to the father is hereby reversed and a judgment is entered restoring custody to the mother.
REVERSED AND JUDGMENT RENDERED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
[1] In Vick, supra, we held that Alabama has jurisdiction under § 30-3-23, Ala. Code 1975, which provides, in part:
 "(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
". . . .
 "(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
 "a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
 "b. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. . . ."