BEATTY, Retired Justice.
Elizabeth Marie Merryman (“the wife”) appeals from the trial court’s modification of the terms of a Florida judgment of divorce. The wife contends that the Alabama trial court did not have jurisdiction over this matter, and, thus, could not modify the Florida judgment of divorce.
The record on appeal, while not a paragon of clarity, reveals the following: Matthew L. Merryman (“the husband”) and the wife married in May 1990 in South Carolina. Thereafter, the husband adopted the wife’s minor children from a prior marriage. The husband serves on active duty status in the United States Army and is stationed at Fort Rucker, Alabama; he resides in Ozark, Alabama.
In May 1996, the parties separated. In July 1996, the wife filed a divorce complaint in Okaloosa County, Florida. At the time she filed the complaint, she and the minor children resided in Mary Esther, Florida. In *987 September 1996, the wife and the minor children moved to Houston County, Alabama.
In July 1997, the Circuit Court of Okaloosa County, Florida, issued a final judgment of divorce and in it adopted the terms of a marital settlement agreement executed by the parties in October 1996.
In December 1997, the husband filed in Houston County, Alabama, a motion seeking to “transfer venue” from the Florida courts to the Alabama courts. The trial court stated that the husband’s motion would be treated as a motion to domesticate a foreign judgment. The trial court directed the husband to file with the trial court a copy of the Florida judgment of divorce. The husband complied with this request.
In December 1997, the husband moved to have the trial court hold the wife in contempt for her failure to comply with the terms of the parties’ “Shared Parenting Agreement” adopted by the judgment of divorce. The wife then filed a motion to dismiss, contending that the trial court did not have jurisdiction over this matter because the wife was no longer a resident of Alabama.
After a hearing in March 1998, the trial court issued an order stating that the Florida judgment of divorce “is domesticated and shall be enforced as an Alabama divorce decree according to the terms thereof and the laws of Alabama.” The trial court determined that on or about December 11, 1997, the wife and the minor children had moved to New Hampshire and that the husband had been denied visitation since that time. That court modified the visitation schedule established by the judgment of divorce.
The wife appeals, contending that the Alabama court did not have jurisdiction to modify the Florida judgment of divorce.
Under the Uniform Child Custody Jurisdiction Act, “home state” is defined as “[t]he state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent for at least six consecutive months.... ” Ala. Code 1975, § 30-3-22(5). Ala.Code 1975, § 30-3-23(a)(l), provides:
“(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
“(1) This state:
“a. Is the home state of the child at the time of commencement of the proceeding; or
“b. Had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state....”
The wife and children lived in Alabama from September 1996 until they moved to New Hampshire in December 1997. None of the parties has resided in Florida since September 1996. Alabama was the children’s “home state” when the husband filed his motions. See Ala.Code 1975, § 30-3-22(5). Consequently, we conclude that the Houston Circuit Court did have jurisdiction to modify the Florida judgment of divorce. See Vick v. Vick, 675 So.2d 1324 (Ala.Civ.App.1996); Pitts v. Sutter, 408 So.2d 105 (Ala.Civ.App.1981); and Ala.Code 1975, § 30-3-23.
In light of the foregoing, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.