CRAWLEY, Judge,
dissenting.
I conclude that the trial court did not abuse its discretion by moving custody from the mother to the father based on its conclusion that the father had satisfied the standard of Ex parte McLendon, 455 So.2d 863 (Ala.1984). The trial court’s judgment is presumed correct. Ex parte Jones, 620 So.2d 4 (Ala.1992). The father presented evidence indicating that when the mother enrolled in college in Montgomery she left *349 the child with the maternal grandmother in Monroeville. He also presented evidence indicating that the mother has two brothers with criminal records and that those two brothers sometimes live with the maternal grandmother. During the trial, the judge stated that he had concerns with the child’s safety and environment at the maternal grandmother’s home and with the maternal grandmother’s ability to take care of the child. The evidence regarding the child’s environment while at the maternal grandmother’s home, taken with the evidence regarding the mother’s move to Montgomery without the child, supports the trial court’s decision to modify the custody arrangement, and this court should not substitute its judgment for that of the trial court.
THOMPSON, J., concurs.