MOORE, Chief Justice
(dissenting).
I respectfully dissent from the denial of the petition for certiorari review in this case. The petitioner Norman McGhee alleges that the Court of Civil Appeals’ opinion reversing the trial court’s order modifying child custody conflicts with this Court’s decisions in Ex parte Jones, 620 So.2d 4 (Ala.1992), and Ex parte P.G.B., 600 So.2d 259 (Ala.1992). McGhee argues that
“the Court of Civil Appeals has substituted its assessment of the evidence and findings of fact for that of the trial eourt[’s] on the issues of whether the father had shown an obvious and overwhelming necessity for a change of custody and whether the father met the *146 burden of proof required by Ex parte McLendon, 455 So.2d 863 (Ala.1984), to support the order modifying custody.”
(McGhee’s petition at 1-2.) I agree.
In this case, Tamata McGhee and Norman McGhee were divorced on September 23, 1994. The divorce judgment provided for joint legal custody of the parties’ two minor children; the mother was given sole physical custody, subject to the father’s right to liberal and reasonable visitation. On December 6, 2000, the father filed a petition to modify custody; in that petition he sought physical custody of the children, who were 8 and 10 years old at the time of the modification hearing. Following a hearing at which ore tenus evidence was presented, the trial court granted the father’s request and awarded him physical custody. The mother appealed. The Court of Civil Appeals reversed, concluding from its review of the evidence that “the father did not show an obvious and overwhelming necessity for a change of custody.” McGhee v. McGhee, 852 So.2d 142, 145 (Ala.Civ.App.2002).
“When reviewing a custody case wherein the evidence was presented ore tenus, an appellate court will not disturb the findings of the trial judge unless they are found to be unsupported by the evidence and therefore plainly wrong.” Ex parte Jones, 620 So.2d at 7. See also Ex parte P.G.B., supra. “It is not enough that the Court of Civil Appeals would or could have reached the opposite conclusion; rather, the Court of Civil Appeals is bound to look at the evidence to determine if the trial judge was plainly and palpably wrong, in light of the standards set forth in Ex parte McLendon, [455 So.2d 863 (Ala.1984)].” Ex parte Jones, 620 So.2d at 7 (emphasis added). The Court of Civil Appeals “recognized” this presumption to which it was bound and then promptly disregarded it.
A review of the evidence is necessary: not to reweigh it, but to demonstrate that the trial court had before it substantial evidence to support its decision to modify custody. The trial court found that the parties’ children “have been left to look out for themselves.” The trial court noted that the children were “left at various places with a variety of relatives. Children of both sexes and various ages and commingled relationships have been left virtually unsupervised to do whatever enters into their minds.” The father also presented evidence indicating that the younger daughter had allegedly been sexually assaulted by a cousin while she was under the supervision of a relative. The mother, to her credit, initiated prosecution of the cousin, who was found not guilty in a juvenile court because the evidence was insufficient.
In addition, the father complained of the mother’s delay in having the younger daughter tested for attention deficit disorder (“ADD”) and presented evidence indicating that the child had been diagnosed with possible ADD before the child’s school recommended that she be tested. The father, who is remarried and continues to live in the marital residence, also argued that he was able to provide a more stable home and to better supervise their education than the mother, who has moved five times since the divorce.
Additionally, the father alleges in his petition for certiorari review that the mother, “[o]n at least one occasion,” left the children home alone when the children were ages two and four. He alleges, moreover, that the mother is “usually not present when the Father returns the children after his visitation,” which, he says, upsets the children and requires him to leave the children at the maternal grandmother’s house. In fact, the father alleges that the children are most frequently left *147 at the home of the maternal grandmother, who is approximately 77 years old, takes medication that causes memory lapses and confusion, and is unable to care for and supervise small children. While in her care, the children have been seen running or riding bicycles in the middle of a busy street.
The father also alleges in his petition that after the alleged sexual abuse of the younger daughter by her cousin, the mother simply telephoned the cousin’s father to report the abuse but took no further action. It was not until another alleged attempt by the same cousin to sexually assault the younger daughter that the mother telephoned the authorities. The father also alleges that “[t]he Mother does not adequately care for the children’s needs.” As examples, he states that the mother does not ensure that one of the daughters has her glasses with her when she visits the father; that the children are not required to brush their teeth or groom their hair; that their undergarments are “always dirty and soiled”; and that one of the children smelled of urine one day in December 2000 when the children attended a function with their aunt. Moreover, the father states in his petition that the mother shows favoritism toward one child; that she uses foul language in front of the children, who have, in turn, the father says, picked up the habit. On one occasion, the father alleges, the mother attempted to run him over with her car while the children were in the car.
In the face of such ore tenus evidence, the trial court granted the modification petition and awarded custody to the father. The Court of Civil Appeals, however, failed to mention much of this evidence and downplayed the evidence it discussed. In so doing, I believe that court reweighed the evidence and reversed the trial court’s order, not because the trial court was plainly and palpably wrong, but because the Court of Civil Appeals thought it “would or could have reached the opposite conclusion.” 620 So.2d at 7. This an appellate court plainly cannot do.
I am heartened by the fact that this Court has chosen merely to deny the writ in this case, which lends no mark of approval to the decision of the Court of Civil Appeals. See Ex parte Cason, 515 So.2d 725, 725 (Ala.1987) (“A denial of certiorari should never be considered as an expression by the reviewing court on the merits of the controversy.”). Nevertheless, because McGhee has alleged a valid ground for conflict under Rule 39(a)(1)(D), Ala. R. Civ. P., and because I believe his petition has a probability of merit, I dissent from the Court’s decision to deny the petition for certiorari review.