I do not believe that the father proved by substantial evidence that custody of the child should be changed as is required by Ex parte McLendon, 455 So.2d 863 (Ala. 1984). Moreover, the father failed to demonstrate "an overwhelming necessity for a change." Ex parte Martin,961 So.2d 83, 88 (Ala. 2006). I have my reservations about the "overwhelming necessity for a change" standard articulated inGlover v. Singleton, 598 So.2d 995
(Ala.Civ.App. 1992); Klapal v. Brannon, 610 So.2d 1167
(Ala.Civ.App. 1992); and Ex parte Peppers,703 So.2d 299 (Ala. 1997). I believe that the "overwhelming necessity for a change" standard is an additional principle that has been grafted onto the Ex parte McLendon standard and was not initially contemplated by the Supreme Court when it decidedEx parte McLendon. However, with its release of Exparte Martin, the Supreme Court has made it abundantly clear that the "overwhelming necessity for a change" standard is a factor that must be considered when a change of custody is contemplated. Because I am constrained by the decisions of the Supreme Court[2] and because I do not believe that the father in this case demonstrated that an "overwhelming necessity for a change" in custody existed, I must concur specially reversing the trial court's judgment and remanding the case to the trial court.
[2] See § 12-3-16, Ala. Code 1975 ("[t]he decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals. . . ."); and Ex parte Chatmon,968 So.2d 999, 1003 (Ala.Civ.App. 2007).