KITCHENS, Justice,
concurring in part
and in result:
¶ 42. I agree with the plurality that the trial court erred in not granting Charles Burleson a circumstantial evidence instruction. The prosecution presented no direct evidence of the gravamen of capital murder, and Burleson therefore was entitled to a jury instruction informing the jury that the State must prove the defendant’s guilt “beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence.” Leflore v. State, 585 So.2d 68, 70 (Miss.1988); Montgomery v. State, 515 So.2d 845, 848 (Miss.1987); Westbrook v. State, 202 Miss. 426, 32 So.2d 251, 251 (1947).
¶ 43. I also agree with the plurality’s well-reasoned analysis that the trial court erred by allowing an amendment to the indictment to charge Burleson as an habitual offender. In Mississippi, criminal defendants accused of felonies have a constitutional right to an indictment supported by probable cause. See Ginn v. State, 860 So.2d 675, 683 (Miss.2003); Miss Const, art. 3, § 27. It follows that amendments to indictments also must be supported by probable cause. See Edwards v. State, 737 So.2d 275, 293 (Miss.1999). We have defined probable cause as being “less than evidence which would justify condemnation ... but more than bare suspicion.” Powe v. State, 235 So.2d 920 (Miss.1970) (internal citations omitted). Thus, the question concerning the legitimacy of this amendment to the indictment turns on whether it was supported by probable cause. In order to prosecute a criminal defendant as an habitual offender under Section 99-19-83 of the Mississippi Code, the State must prove that the defendant previously has been convicted of two felonies. One of those two felonies must have been for a “crime of violence.” Miss.Code Ann. § 99-19-83 (Rev.2007). Here, the State submitted proof that Burleson previously had been convicted of five burglaries. In Brown, we held that a burglary conviction is not per se a crime of violence. Brown v. State, 102 So.3d 1087, 1091 (Miss.2012). Proof of a prior burglary conviction therefore does not provide probable cause to amend an indictment under Section 99-19-83. Turning to the proof that the prosecution submitted to support amendment of the indictment of this case, it is clear that none of that evidence established that Burleson previously had been convicted of any violent crime. Thus, the amendment to the indictment was supported by nothing other than the prosecutor’s unsupported assertion that “[a]t least one of the foregoing convictioiis was for a crime of violence.... ” A prosecutor’s unsubstantiated assertions do not give rise to probable cause, and it is clear that the amendment to the indictment here is unconstitutional in that it is unsupported by probable cause. Miss. Const, art. 3, § 27.
¶ 44. Because, however, the trial court also erred by failing to exclude the gun from evidence, I concur only in part and in the result reached by the plurality.
A. The Handgun
¶ 45. Prior to trial, Burleson’s counsel filed a motion in limine seeking to exclude the handgun found in the car Burleson was driving on the day of his arrest. The State then assured the trial court that “the gun will be linked to other testimony not to — to the capital murder via the robbery which occurred and things that followed this event....” The State never made good on this promise.
¶ 46. Rule 402 of the Mississippi Rules of Evidence warns that “[ejvidence which is not relevant is not admissible.” Rele *514 vant evidence is defined as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” M.R.E. 401. Here, it is indisputable that the handgun had no connection to the crime charged in the indictment and that the prosecution never proved that it did. In effect, the State displayed a handgun to the jury during the guilt phase of Burleson’s murder trial. There was no proof that the decedent was shot or that he ever saw this weapon. Burleson objected to the admissibility of the handgun and was irrevocably prejudiced by its admission.[3]
¶ 47. Also, we should not consider the handgun in a vacuum. Not only did it have nothing to do with the alleged crime, it also was exhibited during a trial in which the court did not submit a circumstantial evidence instruction to the jury. Thus, whatever harm the irrelevant weapon inflicted upon the fairness of Burleson’s trial was made worse by the absence of a circumstantial evidence instruction.
CONCLUSION
¶ 48. Ultimately, the handgun was patently irrelevant, and its admission, despite Burleson’s well-pled motion in limine, prejudiced Burleson’s defense. Thus, while agreeing with the plurality that the trial court erred by refusing to instruct the .jury regarding circumstantial evidence and by allowing the prosecution to charge Burleson as an habitual offender under Section 99-19-83, I concur in part and in result only.
KING, J., JOINS THIS OPINION.

. The presence of the gun was so prejudicial and irrelevant that it likely confused the jury. In fact, in its brief submitted to this Court, the State itself gets confused about the importance of the handgun, opining "[tjhis case arises from the May 15, 2010, shooting death of Stephen Holley, in Prentiss County, Mississippi.”